United States District Court
Southern District of Texas
FILED

JUN 2 4 2004

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JOSE EZEQUIEL MARTINEZ-MARTINEZ )
)
v. ) C.A. **B-04-106**
)
MARC MOORE, FIELD OFFICE DIRECTOR, and )
TOM RIDGE, SECRETARY, DEPARTMENT OF )
   HOMELAND SECURITY, and )
THE UNITED STATES OF AMERICA. )
_____ )

**PETITION FOR WRIT OF HABEAS CORPUS**

Jose Ezequiel Martinez-Martinez, ("Mr. Martinez"), by and through the undersigned, files the instant Petition for Writ of Habeas Corpus, under 28 U.S.C. §2241, and *INS v. St. Cyr,* 121 S.Ct. 2271 (2001). In light of the recent decision in *Zalawadia v. Ashcroft,* No. 03-30015 (5th Cir. June 4, 2004), apparently limiting the remedies available in habeas corpus, he also files the instant action as a complaint for injunctive and declaratory relief.

**I. JURISDICTION AND VENUE**

1. Petitioner Ismael Galvan is under an administratively final order of removal (Petitioner's Exhibit A, herein incorporated by reference), following proceedings conducted in Harlingen, Texas, within the jurisdiction of this Court. He is also an Order to report for deportation on June 28, 2004. (Petitioner's Exhibit B, herein incorporated by reference). He is therefore in custody for habeas purposes because said orders place significant restrictions on his liberty not shared by the populace at large, within the meaning of *Jones v. Cunningham,* 371 U.S. 236,240 (1963). The claims he raises herein relate to relief from deportation, and could not be heard by the Fifth Circuit on petition for review. *See, Flores-Garza v. Ashcroft,* 328 F.3d 797 (5th Cir. 2003).

2. Jurisdiction over Mr. Martinez' complaint for injunctive and declaratory relief is appropriate under 28 U.S.C. §1331 (federal

question); §1346(a)(2) (action against an agency, and/or officers of the U.S.), and §1367 (supplemental jurisdiction).

3. Respondents maintain offices, and Petitioner's removal proceedings were conducted, in Harlingen, Texas, within the jurisdiction of this Court. Further, Petitioner resides in Mission, Texas, also within the jurisdiction of this Court.

## II. THE PARTIES

4. Jose Martinez has been a lawful permanent resident, ("LPR"), since April 23, 1987. He resides with his family in Mission, Texas.

5. Marc Moore and Tom Ridge are sued in their official capacities only, as Field Office Director of the San Antonio Office of the Bureau of Customs and Immigration Enforcement of the Department of Homeland Security, and as Secretary of said Department.

## III. THE FACTS

6. Mr. Martinez is a 51 year old native and citizen of Mexico, who has resided in the United States for many years. He has outstanding equities in the United States, including close family ties, and the fact that he is totally disabled, and would be unable to properly himself, let alone his family, if deported.

7. In 1995, Mr. Martinez was convicted, on his plea of guilty, of possession of a large quantity of marijuana with intent to distribute, and sentenced to 37 months imprisonment. As a result, he was placed in proceedings, and appeared before an Immigration Judge to request relief under §212(c) of the Act.

8. Unfortunately, he was ill-served by his attorney, who did not request or submit the usual supporting documents. As a result, the Immigration Judge refused to find that his equities had been

established, and denied relief in the exercise of discretion.

9. Initial counsel appealed the denial, but still did not submit the necessary documents, and the appeal was denied.

10. Through new counsel, Mr. Martinez filed a motion to reopen, documenting his equities, and the hardship he would suffer if deported. However, on April 20, 2004, the BIA denied the motion, concluding, without analysis or discussion, that:

> [T]o the extent any new information is provided that was not presented by former counsel, it is insufficient to warrant reopening of the 212(c) application, or a grant of relief in the exercise of discretion.

## IV.  CAUSES OF ACTION
### A.  FAILURE TO MEANINGFULLY CONSIDER MOTION TO REOPEN

The BIA's failure to give meaningful consideration to the issues raised by his motion to reopen violates Due Process. *See, Opie v. INS*, 66 F.3d 737,740 (5th Cir. 1995), quoting *Ghassan v. INS*, 972 F.2d 631,636 (5th Cir.1992) (Although the BIA need not "write an exegesis on every contention... its opinion must reflect that it has heard and thought and not merely reacted.").

Mr. Martinez asserts that he suffered substantial prejudice as a result of these Due Process violations, in that he would have earned discretionary relief, if his case had been appropriately judged under BIA precedent, including *Matter of Arreguin,* 21 I&N Dec. 38 (BIA 1995). Said case also involved drug trafficking, and although the quantity of marijuana was significantly less, the applicant had received a similar sentence, was still detained at the time of her hearing, and therefore less able to show rehabilitation.  Also, she present far less compelling positive equities, (no significant medical problems, no indication that

deportation would destroy an intact family unit. *See also, Diaz-Resendez v. INS,* 960 F.2d 493 (5th Cir. 1992).

Further, the Immigration judge committed a variety of errors, both factual and legal, including his rejection of undisputed testimony as to the fact that Mr. Martinez' children were United States citizens, and refusal to consider them as an equity in the case. The errors in the Immigration Judge's decision, and the lackluster performance by prior counsel, deprived Mr. Martinez of a meaningful opportunity to present his case. These factors, together with the refusal of the BIA to give meaningful consideration to his motion to reopen, deprive Mr. Martinez of Due Process. *See, Kwock Jan Fat v. White*, 253 U.S. 454, 457-458 (1920), wherein the Supreme Court granted certiorai, and remanded for a hearing on the merits of a habeas corpus petition contesting an *exclusion* order. *Id.,* (internal citations omitted) (emphasis added):

> It is fully settled that the decision by the Secretary of Labor, of such a question as we have here, is final, and conclusive upon the courts, unless it be shown that the proceedings were 'manifestly unfair,' were 'such as to prevent a fair investigation,' **or show 'manifest abuse' of the discretion committed to the executive officers by the statute,... or that 'their authority was not fairly exercised, that is, consistently with the fundamental principles of justice embraced within the conception of due process of law,'** .... The decision must be after a hearing in good faith, however summary, ... and it must find adequate support in the evidence, ...

### B.　SUBSTANTIVE DUE PROCESS

As a permanent resident, Mr. Galvan has a fundamental liberty interest in being able to live and work in the United States, and in remaining here with his family. *See,* Dissenting Opinion of Board Member Rosenberg, *Matter of Salazar-Regino*, 23 I&N Dec. 223, 238 (BIA 2002). *See also, Landon v. Plasencia,* 459 U.S. 21,34 (1982),

citing *Bridges v. Wixon,* 326 U.S. 326 U.S. 135,154 (1945); *Moore v. City of East Cleveland*, 431 U.S. 494,499 (1977), and *Stanley v. Illinois*, 405 U.S. 645, 651 (1972):

> Plasencia's interest here is, without question, a weighty one. She stands to lose the right "to stay and live and work in this land of freedom," ... Further, she may lose the right to rejoin her immediate family, a right that ranks high among the interests of the individual. ...

Mr. Martinez asserts that the failure of the BIA to afford meaningful consideration to his motion to reopen, after he had been ill-served by prior counsel, and the Immigration Judge, deprives him of a significant liberty interest without Due Process.

Respectfully Submitted,

*[signature]*

Lisa S. Brodyaga, Attorney
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226
(956) 421-3423 (fax)
Fed. ID. 1178
Texas Bar 03052800

### VERIFICATION OF COUNSEL

I, Lisa S. Brodyaga, hereby certify that I am familiar with Petitioner's case and that the facts as stated with respect thereto are true and correct to the best of my knowledge and belief.

*[signature]*

**CERTIFICATE OF SERVICE**

I, Lisa S. Brodyaga, hereby certify that a courtesy copy of the foregoing, with exhibits, was personally delivered to the office of the Assistant United States Attorney at Brownsville, Texas, this 24th day of June, 2004.



UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE EZEQUIEL MARTINEZ-MARTINEZ | ) | |
| v. | ) | C.A. |
| | ) | |
| MARC MOORE, FIELD OFFICE DIRECTOR, and | ) | |
| TOM RIDGE, SECRETARY, DEPARTMENT OF | ) | |
|    HOMELAND SECURITY, and | ) | |
| THE UNITED STATES OF AMERICA. | ) | |
| _____ | ) | |

**EXHIBIT "A" IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS**

**U.S. Department of Justice**  
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

---

File:   A41 272 217 - Harlingen

Date: APR 2 0 2004

In re:   JOSE EZEQUIEL MARTINEZ-MARTINEZ

IN REMOVAL PROCEEDINGS

MOTION

ON BEHALF OF RESPONDENT:   Prabodh C. Patel, Esquire

ON BEHALF OF DHS:   Dyann Bernstein  
Assistant District Counsel

ORDER:

   PER CURIAM. On November 4, 2002, following a remand from the Board, an Immigration Judge denied the respondent a waiver of inadmissibility under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c). The Board affirmed this decision in a summary order on January 8, 2004. The respondent filed a motion to reopen on March 24, 2004, which is opposed by the Department of Homeland Security (the "DHS," formerly the Immigration and Naturalization Service), and will be denied.

   The respondent claims that prior counsel failed to adequately present his claim for section 212(c) relief before the Immigration Judge or this Board, and therefore asserts that he received ineffective assistance of counsel. We disagree. In denying relief, the Immigration Judge balanced the "extremely serious adverse discretionary factor" - the respondent's conviction for possession with intent to distribute 525 pounds of marijuana - against the favorable factors presented, including long residence in the United States and family ties. The respondent's affidavit, submitted with the motion to reopen, provides information concerning the health problems of the respondent, and his wife, and explains that the respondent's teenage sons are good students. Other information is provided, including a probation officer's report. To the extent that any new information is provided that was not presented by former counsel, it is insufficient to warrant reopening of the 212(c) application, or a grant of relief in the exercise of discretion. The motion to reopen is, therefore, denied.

_____  
FOR THE BOARD

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE EZEQUIEL MARTINEZ-MARTINEZ | ) | |
| v. | ) | C.A. |
| | ) | |
| MARC MOORE, FIELD OFFICE DIRECTOR, and | ) | |
| TOM RIDGE, SECRETARY, DEPARTMENT OF | ) | |
|     HOMELAND SECURITY, and | ) | |
| THE UNITED STATES OF AMERICA. | ) | |
| _____ | ) | |

EXHIBIT "B" IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS

| U.S. Department of Justice | |
|---|---|
| Immigration and Naturalization Service | **Notice to Obligor to Deliver Alien** |

☒ To Obligor

☐ To Alien  (See Reverse of Form)

Maria de Jesus Martinez
RT 21 BOX 413 2MI N. GDWN
Mission, TX  78572

Date: May 27, 2004

File: A41 272 217

Name (s) of  Alien (s)
Jose Ezequiel MARTINEZ-Martinez

**TO OBLIGOR:**

Under the terms of the bond you posted for release of the above alien(s), the Immigration and Naturalization Service is making demand upon you to surrender the above alien(s):

☐ For a hearing at:
  Date:
  Time:
  Place:

☐ For an interview at:
  Date:
  Time:
  Place:

☒ For deportation or exclusion at:
  Date: June 28, 2004
  Time: 10:00a.m.
  Place: Harlingen Field Office, 1717 Zoy Street, Harlingen, Tx  78552

**Warning:** *Failure to surrender the alien(s) in accordance with this demand will result in BREACHING THE BOND and its FORFEITURE TO THE GOVERNMENT.*

Very truly yours,

Marc J. Moore
Field Office Director
Detention & Removal

**CERTIFICATE OF SERVICE**

This order and notice was served by me at _____ on _____
                                              (Location)              (Date)
at _____ am/pm in the following manner: _____
   (Time)

_____          Deportation Officer
(Signature of Officer/Employee)          (Title of Officer/Employee)

Certified Mail 7160 3901 9844 4883 6147
Form I-340 (rev. 5-02-95) N