United States District Court
Southern District of Texas
FILED

JUN 2 8 2004

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JOSE EZEQUIEL MARTINEZ-MARTINEZ )
)
v. ) C.A. 04-106
)
MARC MOORE, FIELD OFFICE DIRECTOR, and )
TOM RIDGE, SECRETARY, DEPARTMENT OF )
    HOMELAND SECURITY, and )
THE UNITED STATES OF AMERICA. )
                                                                                  )

**FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS
AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Jose Ezequiel Martinez-Martinez, ("Mr. Martinez"), by and through the undersigned, files the instant Petition for Writ of Habeas Corpus, under 28 U.S.C. §2241; *INS v. St. Cyr,* 121 S.Ct. 2271 (2001), and *Cano-Miranda v. Ashcroft,* 262 F.3d 477 (5th Cir. 2001) (court erred in dismissing for want of jurisdiction a §2241 petition complaining of denial of due process in removal proceedings).  In light of the recent decision in *Zalawadia v. Ashcroft,* No. 03-30015 (5th Cir. June 4, 2004), apparently limiting the remedies available in habeas corpus, he also files the instant action as a complaint for injunctive and declaratory relief.

Mr. Martinez urges herein that the performance of his first counsel was so deficient as to render his removal proceedings fundamentally unfair, to his substantial prejudice. *See, Goonsuwan v. Ashcroft,* 252 F.3d 383 (5th Cir. 2000).  He sought reopening at the BIA, on the basis of ineffective assistance of counsel, so this Court has jurisdiction over the issue. *See, id.* at 385-86. [1]

---

[1] Mr. Martinez would urge that this aspect of *Goonsuwan* is no longer good law, in light of the subsequent decision of the Supreme Court in *St. Cyr, supra,* but since such a motion was filed, it is not necessary for this Court to reach that issue. *See also, Pequeno-Martinez v. Trominski,* 281 F.Supp.2d 902 (S.D.Tx. 2003) (finding that under *St. Cyr,* habeas jurisdiction is independent of whether jurisdiction would have lain in the Court of Appeals).

## I. JURISDICTION AND VENUE

1. Petitioner is under administratively final orders of removal (Exhibits A and C, Tab 3). When his petition was filed, he was also under an Order to report for removal on June 28, 2004, which demand was canceled after the instant petition was filed. (Petitioner's Exhibit D, herein incorporated by reference). *See, Zalawadia v. Ashcroft,* 2004 U.S.App LEXIS 10984 N.1 (5th Cir. June 4, 2004) (The "in custody" determination is made when a habeas petition is filed). Said orders placed significant restrictions on his liberty not shared by the populace at large. *See, Jones v. Cunningham,* 371 U.S. 236,240 (1963). The claims raised herein relate to relief from deportation, and could not have been heard by the Fifth Circuit. *See, Flores-Garza v. Ashcroft,* 328 F.3d 797 (5th Cir. 2003).

2. Jurisdiction over Mr. Martinez' complaint for injunctive and declaratory relief is appropriate under 28 U.S.C. §1331 (federal question); §1346(a)(2) (action against an agency, and/or officers of the U.S.), and §1367 (supplemental jurisdiction).

3. Respondents/Defendants maintain offices, and Mr. Martinez' removal proceedings were conducted, in Harlingen, Texas, within the jurisdiction of this Court.

## II. THE PARTIES

4. Jose Ezequiel Martinez has been a lawful permanent resident, ("LPR"), since April 23, 1987. He resides in Mission, Texas, with his LPR wife, and two of his three U.S. citizen children.

5. Marc Moore and Tom Ridge are sued in their respective official capacities, as Field Office Director of the San Antonio Office, and Secretary, of the Bureau of Customs and Immigration Enforcement of the Department of Homeland Security. The United States of America is also a Respondent/Defendant in this action.

### III. THE FACTS

6. Mr. Martinez is a 51 year old native and citizen of Mexico, who has resided in the United States for many years. He has outstanding equities in the United States, including close family ties, and has no-one left in Mexico. He and his wife own their home, but still have a substantial mortgage. Mr. Martinez is totally disabled. He depends on the $1,113 he receives monthly in Social Security and Disability benefits, and would be unable to support himself, or his family, if deported. (Exh. C, Tabs 5,9).

7. In 1995, Mr. Martinez was convicted, on his plea of guilty, of possession of a large quantity of marijuana with intent to distribute, and sentenced to 37 months imprisonment. He was placed in proceedings, and ultimately appeared before an Immigration Judge to request relief under §212(c) of the Act. (*Id.,* Tab 10).

8. Unfortunately, he was ill-served by his first attorney, whose performance was so deficient as to affect the fundamental fairness of the proceedings, to his substantial prejudice. Initial counsel filed only five supporting documents, and did not request or submit the usual supporting documents, such as proof of Mr. Martinez' total disability, his wife's serious medical condition, their marriage certificate, and the birth certificates of their children, which competent counsel would have done. (*Id.,* Tabs 4,p.6, and 11).

9. As a result, the Immigration Judge found that Mr. Martinez had not established that his children were U.S. citizens. (*Id.,* Tab 3, pp.7-8). He also found that Mr. Martinez had not established that any hardship would result from his deportation, other than the fact that his son would "feel badly" if he were deported, (*id.* at p.9), and denied §212(c) relief in the exercise of discretion. (*Id.*).

10. Competent counsel would also have prepared Mr. Martinez to

testify. This his initial attorney failed to do, as shown, *inter alia,* by the fact that Mr. Martinez was unable to answer even counsel's first question, to wit, when he had become a permanent resident. (*Id.,* Tab 4, pp.10-12). A far more prejudicial example is seen in counsel's handling of acceptance of responsibility, which is key to a finding of rehabilitation, the single most important discretionary element in any §212(c) application. *See, Matter of Buscemi,* 19 I&N Dec. 628 (BIA 1988). Initial counsel neither prepared Mr. Martinez to testify about the circumstances of the offense, nor made any other attempt to establish acceptance of responsibility. ² Competent counsel would have known that this testimony is essential to a §212(c) case, and that if he did not cover the issue, the Immigration Attorney would. He would have prepared Mr. Martinez to testify about the offense, and to accept responsibility for his error. He would also have elicited this testimony on direct, rather than leave his client unprepared to face the issue on cross-examination. Here, after counsel's clumsy attempt to establish when Mr. Martinez became an LPR, the entire direct examination covers only three pages. (*Id.,* pp.12-15).

---

² The INS Attorney also did not ask sufficiently specific questions as to what Mr. Martinez knew, and when he knew it, to establish his guilt. Instead, Mr. Martinez equivocated, asserting that (at some unspecified time), he did not know the marijuana was there, but that he was guilty because he was "with him," (*Id.,* Tab 4, pp.19-20). Mr. Martinez readily admitted his role in the offense to his second attorney, (*Id.,* Tab 9, p.3), as he had done during the criminal proceedings. *See,* PSI "Adjustment of Acceptance of Responsibility" ("Mr. Martinez readily accepts responsibility for his involvement and participation in the instant offense; however, he does attempt to minimize his role"), (*Id.,* Tab 10, p.6). Competent counsel would have prepared him to do so at his hearing, and would, at the very least, have corrected this failing on re-direct. However, Mr. Martinez' attorney made no attempt to do either, and asked *no* questions on redirect. (*Id.* Tab 4, p.22).

11. Competent counsel would also have prepared Mr. Martinez' wife and son to testify about the hardship they would endure if he were deported. Although there was a great deal of information which could, and should, have been elicited, (Exh. C. Tabs 9, 11), direct testimony of Mr. Martinez' wife was limited to one page, (*Id.*, pp.23-24), and that of his son, to two pages, (*Id.*, pp.31-33).

12. Compounding the egregious shortcomings of trial counsel, the Immigration Judge also erred, as a matter of law, in holding that the Mr. Martinez' testimony, which the Judge found credible in all aspects except as to the circumstances of the offense, (*Id.*, Tab 3, p.4), and that and his witnesses, whom the Judge also found to be credible, (*Id.*, p.5), plus the circumstantial evidence corroborating this testimony, did not establish that his children were U.S. citizens. *Id.* *See, Matter of K-H-C-,* 5 I&N Dec. 312, 314 (BIA 1953) ("One of [the Immigration Judge's] functions is to see that the facts are clearly and fully developed"). Said error of law is cognizable in habeas corpus. *INS v. St. Cyr, supra.*

13. Initial counsel appealed the denial, but neither submitted the missing evidence, nor made other meaningful arguments in support of the appeal. His brief on appeal is worse than perfunctory. It was not only painfully short on specifics, but was factually inaccurate in several aspects. The brief asserted, (Exhibit C, Tab , p.1):

> Without going into painstaking detail, [3] the gravamen of the respondents argument is that the court below erred in finding that there was insufficient evidence to warrant a favorable consideration as a matter of discretion and ordering the respondent removed from the U.S.
>
> One look at the record will establish that the respondent provided ample evidence that the following was

---

[3] Competent counsel would have gone into "painstaking detail." This is the only manner whereby one has any hope of successfully appealing a denial of relief on discretionary grounds.

established: family ties within the US including one spouse, and three children, all citizens of the US; [4] duration of residency in the US includes time as far back as 1989; [5] the hardship to the respondent and his family was likewise established through testimony of family members; [6] .. and rehabilitation was unequivocally established through the fact that there were no other violations of law and that the respondent has been successfully on probation since 1995. [7]

14. As a result of counsel's grossly deficient performance, Mr. Martinez alleges, on information and belief, that the BIA summarily affirmed the decision of the Immigration Judge on January 8, 2004.

15. On March 23, 2004, through new counsel, Mr. Martinez filed a motion to reopen on the grounds of ineffective assistance of counsel, in which he documented Mr. Martinez' equities, and the

---

[4] In fact, Mr. Martinez' wife is not a U.S. citizen, but a lawful permanent resident. Trial counsel made no attempt to prove this, *e.g.*, by tendering a copy of her LPR card. However, the Immigration Judge inquired about her status in the United States, and although she had not been sufficiently prepared to even understand the question, she happened to have her LPR card with her, and showed it to the Judge on request. (*Id.*, Tab 4, pp.27-28).

[5] In fact, Mr. Martinez became an LPR on April 23, 1987, (*Id.*, Tab 4, p.11), and counsel failed to ask whether he had resided in the U.S. prior to obtaining LPR status. Since he had a son who was 21 years old at the time of the hearing, in November, 2002, (*Id.* at 13), it is likely that he has been here since at least 1981.

[6] Although it was established, if only through testimony, (most on cross examination of Mr. Martinez' wife), that he suffered from medical problems, (*Id.* at pp.13,24-25), there was no attempt to show that this would cause hardship if he were deported.

[7] Not true. Mr. Martinez was convicted in 1995; spent time in prison, and, according to the calculations of the Immigration Judge, was released in about August of 1998, since the letter from the U.S. Probation Officer stated that he completed his three year term of supervised release on August 18, 2001. (*Id.*, Tab 3, p.6).

hardship he and his family would suffer if deported. (Exhibit C). However, the standard for reopening proceedings is exceptionally high. *See, INS v. Abudu,* 485 U.S. 94, 110 (1988) ("The appropriate analogy [for motion to reopen] is a motion for a new trial in a criminal case on the basis of newly discovered evidence, as to which courts have uniformly held that the moving party bears a heavy burden"). And on April 20, 2004, the BIA denied the motion, concluding, (without analysis or meaningful discussion), that:

> [T]o the extent any new information is provided that was not presented by former counsel, it is insufficient to warrant reopening of the 212(c) application, or a grant of relief in the exercise of discretion.

16. Such boilerplate language, which does not even state what "new information," if any, was in fact provided, is insufficient to fulfill the mandate that the BIA's decision must reflect that it "has heard and thought and not merely reacted." *Opie v. INS,* 66 F.3d 737,740 (5th Cir. 1995). *See also, Abdel-Masieh, supra* at 585:

> [W]e generally also review the BIA's decision " 'procedurally' to ensure that the complaining alien has received full and fair consideration of all circumstances that give rise to his or her claims." ... While we do not require that the BIA address evidentiary minutiae or write any lengthy exegesis, ..., its decision must reflect meaningful consideration of the relevant substantial evidence supporting the alien's claims. ...

17. Although under *Abudu, supra,* denials of motion to reopen are generally reviewed for abuse of discretion, failure to meaningfully consider the evidence and claims presented therein is a procedural failure, i.e., a due process violation. *Abdel-Masieh, supra.*

18. Mr. Martinez was substantially prejudiced by these failures. First, initial counsel's performance, both at trial, and on appeal, was so deficient as to affect the fundamental fairness of the proceedings. *See, Paul v. INS,* 521 F.2d 194, 199 (5th Cir. 1975):

> A claim of the denial of due process because of ineffective assistance of counsel must allege sufficient facts to allow this court to infer that competent counsel would have acted otherwise. Petitioners' claims are totally deficient in this regard. Their generalized allegations are insufficient to support an inference that they possess material information not previously disclosed because of counsel's incompetence, and thus afford no basis for concluding that prior counsel's failure to inquire further fatally infected the fairness of the hearing. Put more simply, we are unable to conclude that counsel's failure to inquire resulted from incompetence and not, as the government suggests, because petitioners possess no further evidence which would benefit them.

19. Here, competent counsel would clearly "have acted otherwise." Prior counsel's failings enabled the Immigration Judge to conclude not only that he had not proven the citizenship of his children, but that the only evidence of hardship was the fact that his son would "feel badly" if he were deported. Indeed, there was a wealth of other evidence which could, and should, have been presented on the issue of hardship, including the fact that Mr. Martinez has no relatives left in Mexico, (*Id.*, Tab 9 at p.2), medical documents, (*Id.*, Tab 5), and the fact that his prescription medicine alone costs $250 a month, (*Id.*, Tab 9, p.3), money which he would be unable to earn, given his total disability. It should also have included evidence of his wife's medical problems, including the fact that she suffers from manic depression and migraine headaches, has attempted to commit suicide on various occasions, and also requires approximately $250 per month in prescription medicines. (*Id.*, at p.4). Further, it should have included the financial information, relating to the fact that Mr. Martinez is dependent on his Social Security and Disability benefits, (*Id.*), which would be lost if he were deported, that even with these benefits, and his wife's income of approximately $750 per month, their sons have to work on weekends, for school supplies and pocket expenses, (*Id.*).

20. As the Immigration Judge noted, (*Id.*, Tab 3, pp.9-10), there was no evidence as to whether the family would remain in the United States, or accompany Mr. Martinez to Mexico, and consequently, no indication of meaningful hardship if he were deported. In fact, the boys are excellent students. One was in 10th grade, and was receiving A's and B's; the other, an A student, was in 7th grade. (*Id.*, Tab 9, p.4). If Mr. Martinez were deported, the family would "break up." (*Id.*, p.7).[8] If he were deported, Mrs. Martinez would not be able to make the mortgage payments, and would lose the family home. (*Id.*). Their sons' education would "suffer seriously." (*Id.*). As teenage boys, they "need both parents for their proper upbringing." (*Id.*). Mrs. Martinez' migraine headaches and depression had worsened, as a result of her "severe anxiety," and her husband's deportation would cause "great suffering to [her] physically and mentally." (*Id.*). These are crucial discretionary factors, which competent counsel would have developed.

21. Under cases such as *Paul*, and *Goonsuwan, supra*, counsel's performance caused the proceedings to be fundamentally unfair. *See also*, (*Id.*, Tab 11, pp.2-4), detailing initial counsel's failings, in the grievance filed by Mr. Martinez' second attorney.[9]

## IV.   CAUSES OF ACTION
### A.   INEFFECTIVE ASSISTANCE OF COUNSEL

Deficient performance of counsel in a deportation case may affect Due Process. *Paul v. INS*, 521 F.2d 194,199 (5th Cir. 1975):

---

[8] As a permanent resident, she would lose her LPR status if she went to live with him in Mexico.

[9] Mr. Martinez' second attorney is from Florida, and was apparently unaware that under Texas rules, grievance proceedings are confidential, and that he should have included only proof of filing, and not the actual grievance. However, it is now part of the administrative record, and was therefore included herein.

> A claim of the denial of due process because of ineffective assistance of counsel must allege sufficient facts to allow this court to infer that competent counsel would have acted otherwise. Petitioners' claims are totally deficient in this regard. Their generalized allegations are insufficient to support an inference that they possess material information not previously disclosed because of counsel's incompetence, and thus afford no basis for concluding that prior counsel's failure to inquire further fatally infected the fairness of the hearing. Put more simply, we are unable to conclude that counsel's failure to inquire resulted from incompetence and not, as the government suggests, because petitioners possess no further evidence which would benefit them. We do not find that counsel's inaction deprived petitioners of a fair hearing with a reasonable opportunity to develop their proof.

Here, as shown above, competent counsel would definitely have acted otherwise. *See also, Goonsuwan, supra,* at 385, n.2:

> Aliens ... have a constitutionally protected right to procedural due process when deportation proceedings are initiated against them. Zadvydas v. Underdown, 185 F.3d 279, 295 (5th Cir.1999). This right to due process is violated when "the representation afforded them was so deficient as to impinge upon the fundamental fairness of the hearing," Paul, 521 F.2d at 198, and that, as a result, the alien suffered substantial prejudice. Ogbemudia v. INS, 988 F.2d 595, 598 (5th Cir.1993).

Mr. Martinez was clearly prejudiced by initial counsel's deficient performance. The benchmark decision showing what is necessary to earn §212(c) relief in the exercise of discretion is *Matter of Arreguin,* 21 I&N Dec. 38 (BIA 1995). In that case, the applicant had been convicted of attempting to smuggle 78 kilograms of marijuana into the United States. Although the decision does not specify her sentence, she had already been incarcerated for approximately 20 months at the time of the BIA decision. She had been an LPR for nearly 20 years; was divorced, and had two

10

dependent minor children.  Although Mr. Martinez' offense was somewhat more severe than that of the immigrant in *Arreguin*, his (undeveloped) equities were orders of magnitude greater, and should have enabled him to earn relief in the exercise of discretion.

In contrast to the case at bar, in *Arreguin*, deportation would not have caused the destruction of an intact family, or breakup of a long-term marriage. *See, Diaz-Resendez v. INS,* 960 F.2d 493 (5th Cir. 1992).  Nor did Ms. Arreguin suffer medical problems, which would have made it impossible to support herself after deportation. It would not have impacted the education of her children in the same way, nor caused great physical and emotional trauma to an LPR spouse.  In sum, under the yardstick established in *Arreguin*, competent counsel should have been able to win Mr. Martinez' case.

### B.   REVIEW OF THE DECISION OF THE IMMIGRATION JUDGE

Where a single Board Member affirms, without opinion, "the results of the decision below," pursuant to 8 C.F.R. §1003.1(e)(4), the decision of the Immigration Judge becomes the final agency action. *Soadjede v. Ashcroft*, 324 F.3d 830,832 (5th Cir. 2003).  Although Petitioner does not yet have a copy of the BIA's initial decision, on information and belief, he asserts that this is what occurred herein.  He also asserts that the Judge erred, as a matter of law, in rejecting the credible testimony of the witnesses that Mr. Martinez' children were born in the United States, and that they were therefore citizens of the United States, and that this error of law is cognizable in habeas corpus. *See, INS v. St. Cyr, supra*.

### C.   REVIEW OF THE DENIAL OF PETITIONER'S MOTION TO REOPEN

The BIA's failure to give meaningful consideration to the issues raised by Mr. Martinez' motion to reopen violates Due Process. *See, Opie v. INS*, 66 F.3d 737,740 (5th Cir. 1995), quoting *Ghassan v.*

*INS*, 972 F.2d 631,636 (5th Cir.1992) (Although the BIA need not "write an exegesis on every contention... its opinion must reflect that it has heard and thought and not merely reacted.").

Mr. Martinez asserts that he suffered substantial prejudice as a result of this Due Process violation, in that he would have earned discretionary relief, if his case had been appropriately judged under BIA precedent, including *Matter of Arreguin, supra*. As discussed above, said case also involved drug trafficking, and although it involved a smaller quantity of marijuana, the applicant had received a similar sentence, was still detained at the time of her hearing, and therefore less able to show rehabilitation. Also, she presented far less compelling equities, (no significant medical problems, no indication that deportation would destroy an intact family). *See, Diaz-Resendez v. INS,* 960 F.2d 493 (5th Cir. 1992).

Further, the Immigration Judge committed a variety of errors, both factual and legal, including his rejection of undisputed testimony as to the fact that Mr. Martinez' children were United States citizens, and refusal to consider them as an equity in the case. The errors in the Immigration Judge's decision, and the gravely deficient performance by initial counsel, deprived Mr. Martinez of a meaningful opportunity to present his case. These factors, together with the refusal of the BIA to give meaningful consideration to his motion to reopen, deprive Mr. Martinez of Due Process. *See, Kwock Jan Fat v. White,* 253 U.S. 454,457-58 (1920), wherein the Court granted certiorai, and remanded for a hearing on the merits of a habeas corpus petition contesting an *exclusion* order. *Id.,* (internal citations omitted) (emphasis added):

> It is fully settled that the decision by the Secretary of Labor, of such a question as we have here, is final, and conclusive upon the courts, unless it be shown that the proceedings were 'manifestly unfair,' were 'such as to prevent a fair investigation,' **or show 'manifest abuse'**

> **of the discretion committed to the executive officers by the statute,... or that 'their authority was not fairly exercised, that is, consistently with the fundamental principles of justice embraced within the conception of due process of law,'** .... The decision must be after a hearing in good faith, however summary, ... and it must find adequate support in the evidence, ...

### D. SUBSTANTIVE DUE PROCESS

As a lawful permanent resident, Mr. Martinez has a fundamental liberty interest in being able to live and work in the United States, and in remaining here with his family. *See,* Dissenting Opinion of Board Member Rosenberg, *Matter of Salazar-Regino*, 23 I&N Dec. 223, 238 (BIA 2002). *See also, Landon v. Plasencia,* 459 U.S. 21,34 (1982), citing *Bridges v. Wixon,* 326 U.S. 326 U.S. 135,154 (1945); *Moore v. City of East Cleveland*, 431 U.S. 494,499 (1977), and *Stanley v. Illinois*, 405 U.S. 645, 651 (1972):

> Plasencia's interest here is, without question, a weighty one. She stands to lose the right "to stay and live and work in this land of freedom," ... Further, she may lose the right to rejoin her immediate family, a right that ranks high among the interests of the individual. ...

Furthermore, Mr. Martinez filed a fee-paid application for §212(c) relief, giving him a property interest in its fair adjudication. He therefore asserts that the failure of the BIA to meaningfully consider his motion to reopen, after he had been so badly served by initial counsel, and the Immigration Judge, deprived him not only of Substantive Due Process, but of both liberty and property interests, without Due Process, to his substantial prejudice.

### V. CONCLUSION AND PRAYER FOR RELIEF

In conclusion, Mr. Martinez urges that he was deprived of Due Process, to his substantial prejudice, by the gravely deficient performance of his initial counsel. He also urges that the

decision of the Immigration Judge was based on an error of law, to wit, that he could not find Mr. Martinez' children to be U.S. citizens in the absence of documentary proof of their birth in the United States.  Finally, he urges that the BIA failed to give meaningful consideration to his motion to reopen, and that said failure is a procedural one, which denied him Due Process.

Mr. Martinez also alleges substantial prejudice.  He asserts that, had his case been properly presented to the Immigration Judge, he would earned §212(c) relief, under *Matter of Arreguin, supra.*  He further urges that, had the BIA given meaningful consideration to his motion to reopen, said motion would have been granted, and the case remanded to the Immigration Judge, for a new hearing.

Mr. Martinez therefore urges that his habeas petition be granted, and the decisions of the BIA and Immigration Judge herein be vacated.  He also urges that this Court exercise its general federal jurisdiction, and/or supplemental jurisdiction, to declare that he was deprived of Due Process, to his substantial prejudice, and to enjoin Respondents/Defendants from not reopening his case, and remanding it to the Immigration Court for a new hearing.

Respectfully Submitted,

*/s/ Lisa S. Brodyaga*

Lisa S. Brodyaga, Attorney
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226
(956) 421-3423 (fax)
Fed. ID.  1178
Texas Bar 03052800

**VERIFICATION OF COUNSEL**

I, Lisa S. Brodyaga, hereby certify that I am familiar with Petitioner's case and that the facts as stated with respect thereto are true and correct to the best of my knowledge and belief.


_____

**CERTIFICATE OF SERVICE**

I, Lisa S. Brodyaga, hereby certify that a copy of the foregoing, was personally delivered to the office of the Assistant United States Attorney at Brownsville, Texas, this 28th day of June, 2004.


_____