

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 2 9 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JOSE EZEQUIEL MARTINEZ-MARTINEZ<br>Plaintiff<br><br>v.<br><br>MARC MOORE, Field Office Director,<br>TOM RIDGE, Secretary, Department<br>   of Homeland Security, and<br>The UNITED STATES OF AMERICA<br>Defendants | §§§§§§§§§§§<br><br>Civil Action B-04-106 |

### THE UNITED STATES OF AMERICA'S MEMORANDUM OF LAW REGARDING THE EFFECTIVE OF ASSISTANCE OF COUNSEL IN CIVIL IMMIGRATION MATTERS

**Does an alien have a right to effective assistance of counsel in an administrative proceeding before the U.S. Immigration court?**

An alien does have the right to counsel, but that counsel must be obtained by the alien at the alien's expense. *Ogbemudia v. INS*, 988 F.2d 595, 598 (5th Cir. 1993). However, an alien has no right to "effective assistance of counsel." *Mantell v. United States Department of Justice, Immigration and Naturalization Service*, 798 F.2d 124, 127 (5th Cir. 1986). The right to counsel under the Sixth Amendment, from which the right to "effective" counsel is derived, is limited to criminal prosecutions and thus has no application in civil immigration proceedings. *Mantell*, 798 F.2d at 127; *Paul v. INS*, 521 F.2d 194, 197 (5th Cir.1975); *Barthold v. INS*, 517 F.2d 689 (5th Cir.1975). In *Mantell*, the Court went on to state that, "[s]everal circuits have found, however, that there may be circumstances so egregious and the representation so 'deficient,' 'inadequate,' and

'incompetent' as to become 'no representation of counsel.'"[1] The Fifth Circuit has held that, "any right a respondent in deportation proceedings may have to counsel is grounded in the Fifth Amendment guarantee of due process. " *Matter of Lozada*, 19 I&N Dec. 637, 638 (BIA 1988)[2]; *Magallanes- Damian v. INS*, 783 F.2d 931 (9th Cir. 1986); *Paul v. INS*, 521 F.2d 194 (5th Cir. 1975). The ineffective assistance of counsel in a civil immigration proceeding is a denial of due process, "**only if** the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Matter of Lozada*, 19 I&N Dec. at 638 (emphasis added); *Ramirez-- Durazo v. INS*, 794 F.2d 491 (9th Cir. 1986); *Lopez v. INS*, 775 F.2d 1015 (9th Cir. 1985); *see also Magallanes--Damian v. INS*, supra "(alien must show not merely ineffective assistance of counsel, but assistance which is so ineffective as to have impinged upon the fundamental fairness of the hearing in violation of the fifth amendment due process clause)." Moreover, one must show "that he was prejudiced by his representative's performance." *Matter of Lozada*, 19 I&N Dec. at 638; *Mohsseni Behbahani v. INS*, 796 F.2d 249 (9th Cir. 1986). See generally Matter of Santos, Interim Decision 2969 (BIA 1984). For the review of claims of prejudice by the performance of one's counsel, the Board of Immigration Appeals has enumerated specific criteria and Plaintiff has not met those criteria.

The Board of Immigration Appeals ("Board") has established certain criteria that must be established before it will consider a claim of ineffective assistance of counsel. *Matter of Lozada*, 19 I&N Dec. 637 (BIA 1988). The Board required that:

---

[1] *United States ex rel. O'Brien v. Maroney*, 423 F.2d 865, 870 (3d Cir.1970); see also *LeBlanc v. INS*, 715 F.2d 685, 693-94 (1st Cir.1983); *Thorsteinsson v. INS*, 724 F.2d 1365, 1368 (9th Cir.), cert. denied, 467 U.S. 1205, 104 S.Ct. 2386, 81 L.Ed.2d 345 (1984).

[2] Attached as Exhibit 1.

1. the alien file an affidavit setting forth in detail the agreement entered into with counsel with respect to the actions to be taken and what representations counsel did or did not make to the alien in this regard;
2. that counsel be informed of the allegations leveled against him and be given a chance to respond; and
3. that the alien file a grievance with the appropriate disciplinary authorities of the state bar reflecting any violation of the attorney's ethical or legal responsibilities, and if not filed, why not.

Martinez-Martinez has filed a grievance with the State Bar of Texas.[3] However, he has failed to comply with the other requirements of *Matter of Lozada*. Martinez-Martinez has not set forth in detail the agreement between himself and Mr. Pullen, nor has Martinez-Martinez provided evidence that he notified Mr. Pullen of his complaint or his response.

Plaintiff appears to be arguing that he does not agree with the way Mr. Pullen prepared or presented his case. The evidence Martinez-Martinez claims should have been presented are merely suggested, not required. All the evidence attached to his Motion to Reopen is recently garnered and there is no evidence that Martinez-Martinez gave Mr. Pullen similar documents at the time of his hearing on the merits in November 2002.

Finally, Martinez-Martinez was given a fair and full hearing. Plaintiff further complains of the actions of the Immigration Judge. In immigration cases, the District and Circuit Courts are authorized to review only the decision of the Board of Immigration Appeals, not that of the Immigration Judge. *Ogbemudia*, 988 F.2d at 598; *Castillo-Rodriguez v. INS*, 929 F.2d 181, 183 (5th Cir.1991). He was allowed to present all his evidence to the Immigration Judge. The Immigration Judge properly considered and evaluated Martinez-Martinez's case, decided that the negative factor

---

[3] *See Petition for Writ of Habeas Corpus Exhibit C*: <u>Exhibit 11 to Motion to Reopen filed with the Board</u>.

of the drug conviction (possession with intent to distribute 525 pounds of marijuana) and Martinez-Martinez's failure to demonstrate rehabilitation (he denied his involvement in the crime) outweighed any favorable factors in Martinez-Martinez's case, and found Martinez-Martinez did merit relief as a matter of discretion pursuant to §212(c) of the Immigration and Nationality Act ("Act").[4]

## Conclusion

Plaintiff (as do all aliens) has a right to provide his own counsel before an immigration judge, however Plaintiff does not have a right to effective assistance of counsel. At best Plaintiff can attempt to show that his case was prejudiced by his representative's performance. However, Plaintiff has failed to follow the established procedures for making a claim for this claim. Plaintiff is therefore without recourse here.

Respectfully submitted,

MICHAEL SHELBY
UNITED STATES ATTORNEY

STEVEN T. SCHAMMEL
Assistant U. S. Attorney
1701 W. Highway 83, Suite #600
McAllen, Texas 78501
(956) 618-8010
(956) 618-8016 (fax)
State Bar No. 24007990

---

[4] Martinez-Martinez's failure to present the birth certificates of his children or to show that they were not readily available to him resulted in the Immigration Judge finding that Martinez-Martinez failed to show his three children were United States citizens. *Petition for Writ of Habeas Corpus Exhibit C, Tab 3*: Immigration Judges's Decision at 8.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served on counsel at the following address, by depositing a copy of the same in the United States mail, properly addressed, first class postage prepaid, to:

>Ms. Lisa Brodyaga
>Refugio del Rio Grande
>17891 Landrum Park Road
>San Benito, Texas  78586

on this the 28th day of July, 2004.

>STEVEN T. SCHAMMEL
>Assistant United States Attorney

cc:   Lisa Putnam
       Assistant Chief Counsel, BICE
       P.O. Box 1711
       Harlingen, TX 78551

# EXHIBIT 1

Case 1:04-cv-00106  Document 6  Filed in TXSD on 07/29/2004  Page 6 of 10

Westlaw

19 I. & N. Dec. 637                                                          Page 1
19 I. & N. Dec. 637, Interim Decision (BIA) 3059, 1988 WL 235454 (BIA)
**(Cite as: 19 I. & N. Dec. 637)**

▷

United States Department of Justice
Board of Immigration Appeals

MATTER OF LOZADA

In Deportation Proceedings

A-31025184
Decided by Board April 13, 1988

*637 (1)  A motion to reopen or reconsider based upon a claim of ineffective assistance of counsel requires (1) that the motion be supported by an affidavit of the allegedly aggrieved respondent setting forth in detail the agreement that was entered into with counsel with respect to the actions to be taken and what representations counsel did or did not make to the respondent in this regard, (2) that counsel whose integrity or competence is being impugned be informed of the allegations leveled against him and be given an opportunity to respond, and (3) that the motion reflect whether a complaint has been filed with appropriate disciplinary authorities with respect to any violation of counsel's ethical or legal responsibilities, and if not, why not.

(2)  An alien deportable under section 241(a)(4) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(4) (1982), is ineligible for voluntary departure unless he qualifies under the provisions of section 244(a)(2) of the Act, 8 U.S.C. § 1554(a)(2) (1982), which in the case of criminal offenders requires, inter alia, that the alien have been physically present in the United States and a person of good moral character for a continuous period of not less than 10 years following the date of his conviction. Matter of P--, 6 I&N Dec. 788 (BIA 1955), followed.

CHARGE:

  Order:  Act of 1952--Sec. 241(a)(4) [8 U.S.C. § 1251(a)(4)]--Crime involving moral turpitude

ON BEHALF OF RESPONDENT:

Mark L. Galvin, Esquire

Watt & Galvin

116 Chestnut Street

Providence, Rhode Island 02903

ON BEHALF OF SERVICE:

John M. Furlong

General Attorney

BY:  Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

  On March 13, 1985, an immigration judge found the respondent deportable as charged on

Westlaw

19 I. & N. Dec. 637                                                                      Page 2
19 I. & N. Dec. 637, Interim Decision (BIA) 3059, 1988 WL 235454 (BIA)
**(Cite as: 19 I. & N. Dec. 637)**

the basis of his concessions at the hearing under section 241(a)(4) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(4) (1982), as an alien who was convicted of a crime involving moral turpitude committed within 5 years of entry and *638 was sentenced to confinement for 1 year or more, denied his applications for relief under section 212(c) of the Act, 8 U.S.C. § 1182(c) (1982), and for voluntary departure under section 244(e) of the Act, 8 U.S.C. § 1254(e) (1982), and ordered him deported to the Dominican Republic. That same day, the respondent filed a Notice of Appeal (Form I-290A), indicating that he would be filing a separate written brief or statement in support of his appeal. No such brief or statement was forthcoming. On July 8, 1986, over a year after the immigration judge had entered his decision in the case, the Board summarily dismissed the appeal, noting that the respondent had in no meaningful manner identified the claimed error in the immigration judge's comprehensive decision of March 13, 1985.

On January 20, 1987, the respondent, through present counsel, [FN1] filed a motion to reopen the proceedings, alleging (1) that prior counsel's failure to submit a written brief or statement explaining the basis for appeal constituted ineffective assistance of counsel and (2) that the immigration judge erred as a matter of law and discretion in deciding the case. The respondent also filed a petition for review of the Board's decision with the United States Court of Appeals for the First Circuit. The court has stayed action on the petition for review pending the Board's resolution of the motion to reopen. The motion will be denied.

Any right a respondent in deportation proceedings may have to counsel is grounded in the fifth amendment guarantee of due process. Magallanes--Damian v. INS, 783 F.2d 931 (9th Cir. 1986); Paul v. INS, 521 F.2d 194 (5th Cir. 1975). Ineffective assistance of counsel in a deportation proceeding is a denial of due process only if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case. Ramirez--Durazo v. INS, 794 F.2d 491 (9th Cir. 1986); Lopez v. INS, 775 F.2d 1015 (9th Cir. 1985); see also Magallanes--Damian v. INS, supra (alien must show not merely ineffective assistance of counsel, but assistance which is so ineffective as to have impinged upon the fundamental fairness of the hearing in violation of the fifth amendment due process clause). One must show, moreover, that he was prejudiced by his representative's performance. Mohsseni Behbahani v. INS, 796 F.2d 249 (9th Cir. 1986). See generally Matter of Santos, Interim Decision 2969 (BIA 1984).

The Government maintains that the fact that prior counsel did not submit a brief does not in itself amount to deprivation of due process. We agree.

*639 Failure to specify reasons for an appeal is grounds for summary dismissal under 8 C.F.R. § 3.1(d)(1-a)(i) (1988). See generally Matter of Valencia, Interim Decision 3006 (BIA 1986). It would be anomalous to hold that the same action or, more accurately, inaction that gives rise to a summary dismissal of an appeal could, without more, serve as the basis of a motion to reopen. To allow such anomaly would permit an alien to circumvent at will the appeals process, with its regulatory time constraints, by the simple expedient of failing to properly pursue his appeal rights, then claiming ineffective assistance of counsel. Litigants are generally bound by the conduct of their attorneys, absent egregious circumstances. LeBlanc v. INS, 715 F.2d 685 (1st Cir. 1983). No such egregious circumstances have been established in this case.

A motion based upon a claim of ineffective assistance of counsel should be supported by an affidavit of the allegedly aggrieved respondent attesting to the relevant facts. In the case before us, that affidavit should include a statement that sets forth in detail the agreement that was entered into with former counsel with respect to the actions to be

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Westlaw

19 I. & N. Dec. 637                                                            Page 3
19 I. & N. Dec. 637, Interim Decision (BIA) 3059, 1988 WL 235454 (BIA)
**(Cite as: 19 I. & N. Dec. 637)**

taken on appeal and what counsel did or did not represent to the respondent in this regard. Furthermore, before allegations of ineffective assistance of former counsel are presented to the Board, former counsel must be informed of the allegations and allowed the opportunity to respond. Any subsequent response from counsel, or report of counsel's failure or refusal to respond, should be submitted with the motion. Finally, if it is asserted that prior counsel's handling of the case involved a violation of ethical or legal responsibilities, the motion should reflect whether a complaint has been filed with appropriate disciplinary authorities regarding such representation, and if not, why not.

The high standard announced here is necessary if we are to have a basis for assessing the substantial number of claims of ineffective assistance of counsel that come before the Board. Where essential information is lacking, it is impossible to evaluate the substance of such claim. In the instant case, for example, the respondent has not alleged, let alone established, that former counsel ever agreed to prepare a brief on appeal or was engaged to undertake the task. Then, too, the potential for abuse is apparent where no mechanism exists for allowing former counsel, whose integrity or competence is being impugned, to present his version of events if he so chooses, thereby discouraging baseless allegations. The requirement that disciplinary authorities be notified of breaches of professional conduct not only serves to deter meritless claims of ineffective representation but also highlights the standards which should be expected of attorneys who represent persons in immigration proceedings, *640 the outcome of which may, and often does, have enormous significance for the person.

The respondent's motion is wholly insufficient in light of the foregoing guidelines. We note, moreover, that no prejudice was shown to have resulted from prior counsel's failure to or decision not to file a brief in support of the appeal. The respondent received a full and fair hearing at which he was given every opportunity to present his case. We do not find, and the respondent does not allege, any inadequacy in the quality of prior counsel's representation at the hearing. The immigration judge considered and properly evaluated all the evidence presented, and his conclusions that the respondent did not merit a grant of section 212(c) relief as a matter of discretion and that he was ineligible for voluntary departure as a matter of law are supported by the record.

The allegations of error ascribed to the immigration judge in the respondent's motion are unfounded. Contrary to present counsel's contention, it is clear from the transcript of hearing and the immigration judge's decision that the immigration judge was well aware that the respondent committed the offense of obtaining money under false pretenses several years prior to his conviction of that offense. And contrary to counsel's contention, the immigration judge correctly determined that the respondent was not eligible for a grant of voluntary departure. By the express terms of section 244(e) of the Act, an alien deportable under section 241(a)(4) of the Act is ineligible for voluntary departure unless he qualifies under the provisions of section 244(a)(2) of the Act, which in the case of criminal offenders requires, inter alia, that the alien have been physically present in this country, and a person of good moral character, for a continuous period of not less than 10 years following his conviction. See generally Matter of P--, 6 I&N Dec. 788 (BIA 1955). The 10-year period is measured from the date of conviction, not the date the offense was committed, since it is the conviction, not the commission of the offense, that renders the alien deportable. Id. Since 10 years from the date of the conviction constituting the ground of deportation have not yet elapsed, the respondent is unable to demonstrate statutory eligibility for voluntary departure.

The respondent has shown no basis for reopening or reconsideration. His motion will be denied.

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Westlaw.

19 I. & N. Dec. 637 Page 4
19 I. & N. Dec. 637, Interim Decision (BIA) 3059, 1988 WL 235454 (BIA)
**(Cite as: 19 I. & N. Dec. 637)**

ORDER: The motion is denied.

FN1. The record before the Board does not contain counsel's Notice of Entry of Appearance as Attorney or Representative (Form G-28).

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works