UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 3 0 2004

Michael N. Milby
Clerk of Court

JOSE EZEQUIEL § 
    MARTINEZ-MARTINEZ §
        Plaintiff §
 §
v. § Civil Action B-04-106
 §
MARC MOORE, Field Office Director, §
TOM RIDGE, Secretary, Department §
    of Homeland Security, and §
The UNITED STATES OF AMERICA §
        Defendants §

### THE UNITED STATES OF AMERICA'S
### FIRST AMENDED MEMORANDUM OF LAW
### REGARDING THE EFFECTIVE OF ASSISTANCE OF COUNSEL
### IN CIVIL IMMIGRATION MATTERS

**Does an alien have a right to effective assistance of counsel in an administrative proceeding before the U.S. Immigration court?**

An alien does have the right to counsel, but that counsel must be obtained by the alien at the alien's expense. *Ogbemudia v. INS*, 988 F.2d 595, 598 (5th Cir. 1993). However, an alien has no right to "effective assistance of counsel." *Mantell v. United States Department of Justice, Immigration and Naturalization Service*, 798 F.2d 124, 127 (5th Cir. 1986). The right to counsel under the Sixth Amendment, from which the right to "effective" counsel is derived, is limited to criminal prosecutions and thus has no application in civil immigration proceedings. *Mantell*, 798 F.2d at 127; *Paul v. INS*, 521 F.2d 194, 197 (5th Cir.1975); *Barthold v. INS*, 517 F.2d 689 (5th Cir.1975). In *Mantell*, the Court went on to state that, "[s]everal circuits have found, however, that there may be circumstances so egregious and the representation so 'deficient,' 'inadequate,' and

'incompetent' as to become 'no representation of counsel.'"[1] The Fifth Circuit has held that, "any right a respondent in deportation proceedings may have to counsel is grounded in the Fifth Amendment guarantee of due process." *Matter of Lozada*, 19 I&N Dec. 637, 638 (BIA 1988)[2]; *Magallanes- Damian v. INS*, 783 F.2d 931 (9th Cir. 1986); *Paul v. INS*, 521 F.2d 194 (5th Cir. 1975). The ineffective assistance of counsel in a civil immigration proceeding is a denial of due process, "**only if** the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Matter of Lozada*, 19 I&N Dec. at 638 (emphasis added); *Ramirez-- Durazo v. INS*, 794 F.2d 491 (9th Cir. 1986); *Lopez v. INS*, 775 F.2d 1015 (9th Cir. 1985); *see also Magallanes--Damian v. INS*, supra "(alien must show not merely ineffective assistance of counsel, but assistance which is so ineffective as to have impinged upon the fundamental fairness of the hearing in violation of the fifth amendment due process clause)." Moreover, one must show "that he was prejudiced by his representative's performance." *Matter of Lozada*, 19 I&N Dec. at 638; *Mohsseni Behbahani v. INS*, 796 F.2d 249 (9th Cir. 1986). See generally *Matter of Santos*, 9 I&N Dec. 105 (BIA 1984)[3]. For the review of claims of prejudice by the performance of one's counsel, the Board of Immigration Appeals has enumerated specific criteria and Plaintiff has not met those criteria.

The Board of Immigration Appeals ("Board") has established certain criteria that must be established before it will consider a claim of ineffective assistance of counsel. *Matter of Lozada*,

---

[1] *United States ex rel. O'Brien v. Maroney*, 423 F.2d 865, 870 (3d Cir.1970); see also *LeBlanc v. INS*, 715 F.2d 685, 693-94 (1st Cir.1983); *Thorsteinsson v. INS*, 724 F.2d 1365, 1368 (9th Cir.), cert. denied, 467 U.S. 1205, 104 S.Ct. 2386, 81 L.Ed.2d 345 (1984).

[2] *Matter of Lozada* attached as Exhibit 1.

[3] *Matter of Santos* attached as Exhibit 2.

19 I&N Dec. 637 (BIA 1988). The Board required that:

1. the alien file an affidavit setting forth in detail the agreement entered into with counsel with respect to the actions to be taken and what representations counsel did or did not make to the alien in this regard;
2. that counsel be informed of the allegations leveled against him and be given a chance to respond; and
3. that the alien file a grievance with the appropriate disciplinary authorities of the state bar reflecting any violation of the attorney's ethical or legal responsibilities, and if not filed, why not.

Martinez-Martinez has filed a grievance with the State Bar of Texas.[4] However, he has failed to comply with the other requirements of *Matter of Lozada*. Martinez-Martinez has not set forth in detail the agreement between himself and Mr. Pullen, nor has Martinez-Martinez provided evidence that he notified Mr. Pullen of his complaint or his response.

Plaintiff appears to be arguing that he does not agree with the way Mr. Pullen prepared or presented his case. The evidence Martinez-Martinez claims should have been presented are merely suggested, not required. All the evidence attached to his Motion to Reopen is recently garnered and there is no evidence that Martinez-Martinez gave Mr. Pullen similar documents at the time of his hearing on the merits in November 2002.

Finally, Martinez-Martinez was given a fair and full hearing. Plaintiff further complains of the actions of the Immigration Judge. In immigration cases, the District and Circuit Courts are authorized to review only the decision of the Board of Immigration Appeals, not that of the Immigration Judge. *Ogbemudia*, 988 F.2d at 598; *Castillo-Rodriguez v. INS*, 929 F.2d 181, 183 (5th Cir.1991). He was allowed to present all his evidence to the Immigration Judge. The Immigration Judge properly considered and evaluated Martinez-Martinez's case, decided that the negative factor

---

[4] *See Petition for Writ of Habeas Corpus Exhibit C*: <u>Exhibit 11 to Motion to Reopen filed with the Board</u>.

of the drug conviction (possession with intent to distribute 525 pounds of marijuana) and Martinez-Martinez's failure to demonstrate rehabilitation (he denied his involvement in the crime) outweighed any favorable factors in Martinez-Martinez's case, and found Martinez-Martinez did not merit relief as a matter of discretion pursuant to §212(c) of the Immigration and Nationality Act ("Act").[5]

## Conclusion

Plaintiff (as do all aliens) has a right to provide his own counsel before an immigration judge, however Plaintiff does not have a right to effective assistance of counsel. At best Plaintiff can attempt to show that his case was prejudiced by his representative's performance. However, Plaintiff has failed to follow the established procedures for making a claim for this claim. Plaintiff is therefore without recourse here.

Respectfully submitted,

MICHAEL SHELBY
UNITED STATES ATTORNEY

STEVEN T. SCHAMMEL
Assistant U. S. Attorney
1701 W. Highway 83, Suite #600
McAllen, Texas 78501
(956) 618-8010
(956) 618-8016 (fax)
State Bar No. 24007990

---

[5] Martinez-Martinez's failure to present the birth certificates of his children or to show that they were not readily available to him resulted in the Immigration Judge finding that Martinez-Martinez failed to show his three children were United States citizens. *Petition for Writ of Habeas Corpus Exhibit C, Tab 3*: Immigration Judges's Decision at 8.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served on counsel at the following address, by depositing a copy of the same in the United States mail, properly addressed, first class postage prepaid, to:

>   Ms. Lisa Brodyaga
>   Refugio del Rio Grande
>   17891 Landrum Park Road
>   San Benito, Texas 78586

on this the 29th day of July, 2004.

>   STEVEN T. SCHAMMEL
>   Assistant United States Attorney

cc:   Lisa Putnam
      Assistant Chief Counsel, BICE
      P.O. Box 1711
      Harlingen, TX 78551

# Exhibit 1

Westlaw

19 I. & N. Dec. 637                                                                    Page 1
19 I. & N. Dec. 637, Interim Decision (BIA) 3059, 1988 WL 235454 (BIA)
**(Cite as: 19 I. & N. Dec. 637)**

☞

United States Department of Justice
Board of Immigration Appeals

MATTER OF LOZADA

In Deportation Proceedings

A-31025184
Decided by Board April 13, 1988

*637 (1) A motion to reopen or reconsider based upon a claim of ineffective assistance of counsel requires (1) that the motion be supported by an affidavit of the allegedly aggrieved respondent setting forth in detail the agreement that was entered into with counsel with respect to the actions to be taken and what representations counsel did or did not make to the respondent in this regard, (2) that counsel whose integrity or competence is being impugned be informed of the allegations leveled against him and be given an opportunity to respond, and (3) that the motion reflect whether a complaint has been filed with appropriate disciplinary authorities with respect to any violation of counsel's ethical or legal responsibilities, and if not, why not.

(2) An alien deportable under section 241(a)(4) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(4) (1982), is ineligible for voluntary departure unless he qualifies under the provisions of section 244(a)(2) of the Act, 8 U.S.C. § 1554(a)(2) (1982), which in the case of criminal offenders requires, inter alia, that the alien have been physically present in the United States and a person of good moral character for a continuous period of not less than 10 years following the date of his conviction. Matter of P--, 6 I&N Dec. 788 (BIA 1955), followed.

CHARGE:

Order: Act of 1952--Sec. 241(a)(4) [8 U.S.C. § 1251(a)(4)]--Crime involving moral turpitude

ON BEHALF OF RESPONDENT:

Mark L. Galvin, Esquire

Watt & Galvin

116 Chestnut Street

Providence, Rhode Island 02903

ON BEHALF OF SERVICE:

John M. Furlong

General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

  On March 13, 1985, an immigration judge found the respondent deportable as charged on

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Westlaw

19 I. & N. Dec. 637                                                                                          Page 2
19 I. & N. Dec. 637, Interim Decision (BIA) 3059, 1988 WL 235454 (BIA)
**(Cite as: 19 I. & N. Dec. 637)**

the basis of his concessions at the hearing under section 241(a)(4) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(4) (1982), as an alien who was convicted of a crime involving moral turpitude committed within 5 years of entry and *638 was sentenced to confinement for 1 year or more, denied his applications for relief under section 212(c) of the Act, 8 U.S.C. § 1182(c) (1982), and for voluntary departure under section 244(e) of the Act, 8 U.S.C. § 1254(e) (1982), and ordered him deported to the Dominican Republic. That same day, the respondent filed a Notice of Appeal (Form I-290A), indicating that he would be filing a separate written brief or statement in support of his appeal. No such brief or statement was forthcoming. On July 8, 1986, over a year after the immigration judge had entered his decision in the case, the Board summarily dismissed the appeal, noting that the respondent had in no meaningful manner identified the claimed error in the immigration judge's comprehensive decision of March 13, 1985.

On January 20, 1987, the respondent, through present counsel, [FN1] filed a motion to reopen the proceedings, alleging (1) that prior counsel's failure to submit a written brief or statement explaining the basis for appeal constituted ineffective assistance of counsel and (2) that the immigration judge erred as a matter of law and discretion in deciding the case. The respondent also filed a petition for review of the Board's decision with the United States Court of Appeals for the First Circuit. The court has stayed action on the petition for review pending the Board's resolution of the motion to reopen. The motion will be denied.

Any right a respondent in deportation proceedings may have to counsel is grounded in the fifth amendment guarantee of due process. Magallanes-- Damian v. INS, 783 F.2d 931 (9th Cir. 1986); Paul v. INS, 521 F.2d 194 (5th Cir. 1975). Ineffective assistance of counsel in a deportation proceeding is a denial of due process only if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case. Ramirez--Durazo v. INS, 794 F.2d 491 (9th Cir. 1986); Lopez v. INS, 775 F.2d 1015 (9th Cir. 1985); see also Magallanes--Damian v. INS, supra (alien must show not merely ineffective assistance of counsel, but assistance which is so ineffective as to have impinged upon the fundamental fairness of the hearing in violation of the fifth amendment due process clause). One must show, moreover, that he was prejudiced by his representative's performance. Mohsseni Behbahani v. INS, 796 F.2d 249 (9th Cir. 1986). See generally Matter of Santos, Interim Decision 2969 (BIA 1984).

The Government maintains that the fact that prior counsel did not submit a brief does not in itself amount to deprivation of due process. We agree.

*639 Failure to specify reasons for an appeal is grounds for summary dismissal under 8 C.F.R. § 3.1(d)(1-a)(i) (1988). See generally Matter of Valencia, Interim Decision 3006 (BIA 1986). It would be anomalous to hold that the same action or, more accurately, inaction that gives rise to a summary dismissal of an appeal could, without more, serve as the basis of a motion to reopen. To allow such anomaly would permit an alien to circumvent at will the appeals process, with its regulatory time constraints, by the simple expedient of failing to properly pursue his appeal rights, then claiming ineffective assistance of counsel. Litigants are generally bound by the conduct of their attorneys, absent egregious circumstances. LeBlanc v. INS, 715 F.2d 685 (1st Cir. 1983). No such egregious circumstances have been established in this case.

A motion based upon a claim of ineffective assistance of counsel should be supported by an affidavit of the allegedly aggrieved respondent attesting to the relevant facts. In the case before us, that affidavit should include a statement that sets forth in detail the agreement that was entered into with former counsel with respect to the actions to be

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Westlaw.

19 I. & N. Dec. 637                                                                                         Page 3
19 I. & N. Dec. 637, Interim Decision (BIA) 3059, 1988 WL 235454 (BIA)
**(Cite as: 19 I. & N. Dec. 637)**

taken on appeal and what counsel did or did not represent to the respondent in this regard. Furthermore, before allegations of ineffective assistance of former counsel are presented to the Board, former counsel must be informed of the allegations and allowed the opportunity to respond. Any subsequent response from counsel, or report of counsel's failure or refusal to respond, should be submitted with the motion. Finally, if it is asserted that prior counsel's handling of the case involved a violation of ethical or legal responsibilities, the motion should reflect whether a complaint has been filed with appropriate disciplinary authorities regarding such representation, and if not, why not.

The high standard announced here is necessary if we are to have a basis for assessing the substantial number of claims of ineffective assistance of counsel that come before the Board. Where essential information is lacking, it is impossible to evaluate the substance of such claim. In the instant case, for example, the respondent has not alleged, let alone established, that former counsel ever agreed to prepare a brief on appeal or was engaged to undertake the task. Then, too, the potential for abuse is apparent where no mechanism exists for allowing former counsel, whose integrity or competence is being impugned, to present his version of events if he so chooses, thereby discouraging baseless allegations. The requirement that disciplinary authorities be notified of breaches of professional conduct not only serves to deter meritless claims of ineffective representation but also highlights the standards which should be expected of attorneys who represent persons in immigration proceedings, *640 the outcome of which may, and often does, have enormous significance for the person.

The respondent's motion is wholly insufficient in light of the foregoing guidelines. We note, moreover, that no prejudice was shown to have resulted from prior counsel's failure to or decision not to file a brief in support of the appeal. The respondent received a full and fair hearing at which he was given every opportunity to present his case. We do not find, and the respondent does not allege, any inadequacy in the quality of prior counsel's representation at the hearing. The immigration judge considered and properly evaluated all the evidence presented, and his conclusions that the respondent did not merit a grant of section 212(c) relief as a matter of discretion and that he was ineligible for voluntary departure as a matter of law are supported by the record.

The allegations of error ascribed to the immigration judge in the respondent's motion are unfounded. Contrary to present counsel's contention, it is clear from the transcript of hearing and the immigration judge's decision that the immigration judge was well aware that the respondent committed the offense of obtaining money under false pretenses several years prior to his conviction of that offense. And contrary to counsel's contention, the immigration judge correctly determined that the respondent was not eligible for a grant of voluntary departure. By the express terms of section 244(e) of the Act, an alien deportable under section 241(a)(4) of the Act is ineligible for voluntary departure unless he qualifies under the provisions of section 244(a)(2) of the Act, which in the case of criminal offenders requires, inter alia, that the alien have been physically present in this country, and a person of good moral character, for a continuous period of not less than 10 years following his conviction. See generally Matter of P--, 6 I&N Dec. 788 (BIA 1955). The 10-year period is measured from the date of conviction, not the date the offense was committed, since it is the conviction, not the commission of the offense, that renders the alien deportable. Id. Since 10 years from the date of the conviction constituting the ground of deportation have not yet elapsed, the respondent is unable to demonstrate statutory eligibility for voluntary departure.

The respondent has shown no basis for reopening or reconsideration. His motion will be denied.

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Westlaw

19 I. & N. Dec. 637                                                                                                   Page 4
19 I. & N. Dec. 637, Interim Decision (BIA) 3059, 1988 WL 235454 (BIA)
**(Cite as: 19 I. & N. Dec. 637)**

   ORDER:   The motion is denied.

FN1. The record before the Board does not contain counsel's Notice of Entry of Appearance as Attorney or Representative (Form G-28).

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

# Exhibit 2

Westlaw.

19 I. & N. Dec. 105                                                                  Page 1
19 I. & N. Dec. 105, Interim Decision (BIA) 2969, 1984 WL 48592 (BIA)
**(Cite as: 19 I. & N. Dec. 105)**

C

United States Department of Justice
Board of Immigration Appeals

MATTER OF SANTOS

In Deportation Proceedings

A-24879910
Decided by Board June 26, 1984

*105 (1) An alien must demonstrate that he has been prejudiced by a violation of a procedural rule or regulation before his deportation proceeding will be invalidated.

(2) In cases arising outside of the United States Courts of Appeals for the Seventh Circuit and the District of Columbia Circuit, a violation of the right to counsel in a deportation proceeding may be disregarded as harmless error so long as the violation is not fundamentally unfair and does not demonstrably prejudice the alien.

(3) The scheduling of a deportation hearing on less than 7 days' notice does not violate either the notice requirement of 8 C.F.R. 242.1(b) or the constitutional guarantee of due process when the District Director finds the public interest requires shorter notice, the notice is reasonable under the circumstances of the case, and the alien is not prejudiced.

CHARGE:

ORDER: Act of 1982--Sec. 241(a)(2), I&N Act [8 U.S.C. 1251(a)(2)]--Nonimmigrant--remained longer than permitted

ON BEHALF OF RESPONDENT:

Harold Green, Esquire

6917 Old Seward Highway

Anchorage, Alaska 99502

ON BEHALF OF SERVICE:

David B. Hopkins

General Attorney

BY: Milhollan, Chairman; Maniatis, Dunne, Morris, and Vacca, Board Members

The respondent has appealed from the December 30, 1982 summary decision of an immigration judge finding him deportable as an overstay pursuant to section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(2). The appeal will be dismissed.

The respondent is a 48-year-old male native and citizen of the Philippines. He entered the United States at San Francisco, California, on June 2, 1982, as a nonimmigrant visitor for pleasure who was authorized to remain in this country until August 30, 1982. He failed

Westlaw

19 I. & N. Dec. 105                                                              Page 2
19 I. & N. Dec. 105, Interim Decision (BIA) 2969, 1984 WL 48592 (BIA)
**(Cite as: 19 I. & N. Dec. 105)**

to depart by that date. On November 16, 1982, prior to the institution of deportation proceedings, the Immigration and Naturalization *106 Service granted the respondent the privilege of departing voluntarily from the United States before December 15, 1982. He again failed to depart within the time allotted. On December 27, 1982, the Service arrested the respondent in Anchorage, Alaska, and commenced deportation proceedings against him by issuing an Order to Show Cause charging him with deportability pursuant to section 241(a)(2) of the Act for remaining in the United States longer than permitted.

A deportation hearing was convened before the immigration judge 1 day later, on December 28, 1982. At that hearing the respondent requested an opportunity to secure counsel and was granted a continuance of 1 day to do so. At the reconvened hearing on December 29, 1982, the respondent, who had been unable to retain an attorney, waived his right to counsel and, testifying in response to questions put to him by the immigration judge, admitted the factual allegations in the Order to Show Cause. In a summary decision the immigration judge found the respondent deportable as charged on the basis of his admissions. Upon ascertaining that the respondent wished to depart voluntarily instead of being deported, the immigration judge granted the respondent voluntary departure until December 30, 1982, or any extension beyond that date that may be granted by the District Director. The respondent waived his right to appeal the immigration judge's decision.

On January 3, 1983, the respondent, with the assistance of counsel, filed this appeal. He contests the legality of his waivers of counsel and of appeal, challenges the sufficiency of the evidence of deportability, and contends that the Service and the immigration judge violated not only various regulations, but the fifth amendment's guarantee of due process. We shall assume jurisdiction over the case by certification as provided in 8 C.F.R. 3.1(c), thus mooting the issue of whether the respondent effectively waived his right to appeal.

As a preliminary matter, we will address the respondent's argument that the evidence in the case is insufficient to support the finding of deportability. When an alien is charged with being deportable as an overstay pursuant to section 241(a)(2) of the Act, there must be 'clear, unequivocal, and convincing evidence,' Woodby v. INS, 385 U.S. 276, 286 (1966), that the alien was admitted as a nonimmigrant for a temporary period, that the period elapsed, and that he did not depart. Tsao v. INS, 538 F.2d 667, 668 (5th Cir. 1976), cert. denied, 430 U.S. 906 (1977); Milande v. INS, 484 F.2d 774, 776 (7th Cir. 1973); see also Torabpour v. INS, 694 F.2d 1119, 1122 (8th Cir. 1982); *107Cabuco--Flores v. INS, 477 F.2d 108, 110 (9th Cir.), cert. denied, 414 U.S. 841 (1973). The respondent freely admitted, under oath, that he entered the United States as a nonimmigrant, that he was authorized to remain until August 30, 1982, that he received an extension until December 15, 1982, and that he did not depart by that date. These admissions are clear, unequivocal, and convincing and prove each of the elements of the charge of deportability. See, e.g., Milande v. INS, supra. Thus, we find them wholly sufficient to support the order of deportation.

The respondent contends that we should reverse the order of deportation because his right to counsel was violated at his deportation hearing, thereby denying him due process. Specifically, the respondent argues that he was not given an adequate opportunity to obtain counsel and that he did not effectively waive his right to counsel once the hearing commenced. We do not believe the respondent was denied the privilege of counsel at his hearing. The immigration judge granted the respondent's request for a continuance so that he could have an opportunity to obtain counsel and, at the reconvened hearing, the respondent did not request more time to seek counsel or indicate he still wished to secure representation. See Millan--Garcia v. INS, 343 F.2d 825, 829 (9th Cir.), vacated and

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Westlaw

19 I. & N. Dec. 105                                                                Page 3
19 I. & N. Dec. 105, Interim Decision (BIA) 2969, 1984 WL 48592 (BIA)
**(Cite as: 19 I. & N. Dec. 105)**

remanded on other grounds, 382 U.S. 69 (1965). In addition, the respondent's waiver of counsel appears to have been voluntary, knowing, and intelligent. There is no indication, whatsoever, that he waived counsel because of undue Government influence, nor do his statements at the time of the waiver reveal any confusion about the nature of the proceedings, his privilege of being represented, or his rights to present evidence, cross-examine witnesses, and object to the Government's evidence. See Burquez v. INS, 513 F.2d 751, 755 (10th Cir. 1975); Matter of Gutierrez, 16 I&N Dec. 226 (BIA 1977). Moreover, the immigration judge sufficiently informed the respondent of his privilege of counsel. See United States v. Barraza--Leon, 575 F.2d 218, 222 (9th Cir. 1978); Matter of Gutierrez, supra.

Nevertheless, even if the respondent was not given sufficient time to obtain counsel or did not effectively waive counsel, it does not automatically follow that he has been denied constitutional due process. We have held an alien must demonstrate that he has been prejudiced by a violation of a procedural rule or regulation before his deportation proceeding will be invalidated. Matter of Garcia--Flores, 17 I&N Dec. 325, 329 (BIA 1980). This is consistent with the rule that an alien must have been prejudiced by a procedural defect in his deportation proceeding before he will be found to have suffered a denial of due process. See *108Ka Fung Chan v. INS, 634 F.2d 248, 258 (5th Cir. 1981); United States v. Calles--Pineda, 627 F.2d 976, 977-78 (9th Cir. 1980); Tejeda--Mata v. INS, 626 F.2d 721, 727 (9th Cir. 1980), cert. denied, 456 U.S. 994 (1982); see also United States v. Vega--Mejia, 611 F.2d 751, 752 (9th Cir. 1979); Garcia--Jaramillo v. INS, 604 F.2d 1236, 1238-39 (9th Cir. 1979), cert. denied, 449 U.S. 828 (1980); Bowe v. INS, 597 F.2d 1158 (9th Cir. 1979); Nicholas v. INS, 590 F.2d 802, 808-10 (9th Cir. 1979); United States v. Barraza--Leon, supra, at 221; Orozco--Rangel v. INS, 528 F.2d 224 (9th Cir. 1976); Chung Young Chew v. Boyd, 309 F.2d 857, 864-65 (9th Cir. 1962). We consider this rule to apply with equal force to the contention that an alien has been denied due process in his deportation proceeding because of conduct that amounts to a violation of his right to counsel.

The 'right' to counsel does not arise by operation of the sixth amendment, for deportation proceedings are not criminal prosecutions. Ramirez v. INS, 550 F.2d 560, 563 (9th Cir. 1977); Martin--Mendoza v. INS, 499 F.2d 918, 922 (9th Cir. 1974); Murgia--Melendrez v. INS, 407 F.2d 207, 209 (9th Cir. 1969). Rather, this 'right' is the opportunity, created by the Act and the regulations, of being represented by qualified counsel of choice, at no expense to the Government. See, e.g., Ramirez v. INS, supra; see also sections 242(b) and 292 of the Act, 8 U.S.C. 1252(b) and 1362; 8 C.F.R. 242.10. An erroneous violation of this statutory privilege is not, as a matter of law, so egregious or inherently unfair that it amounts to a per se denial of due process. For example, the ineffective assistance of counsel in a deportation proceeding does not amount to a denial of due process unless it has been unfair or has prevented an alien from reasonably presenting his case. Thorsteinsson v. INS, 724 F.2d 1365, 1367 (9th Cir. 1984), cert. denied, ---- U.S. ----, 52 U.S.L.W. 3844 (U.S. May 21, 1984); Paul v. INS, 521 F.2d 194, 199 (5th Cir. 1975). Similarly, the absence of counsel at a deportation hearing does not constitute a denial of due process without some showing of prejudice to the alien. Ramirez v. INS, supra, at 562, 565; Aguilera--Enriquez v. INS, 516 F.2d 565, 569 (6th Cir. 1975); Burquez v. INS, supra, at 755; Martin--Mendoza v. INS, supra, at 922; Villaneuva--Jurado v. INS, 482 F.2d 886, 888 (5th Cir. 1973); Henriques v. INS, 465 F.2d 119, 120-21 (2d Cir. 1972), cert. denied, 401 U.S. 968 (1973); Madokoro v. Del Guercio, 160 F.2d 164, 167 (9th Cir.), cert. denied, 332 U.S. 764 (1947); Matter of Escobar, Interim Decision 2944 (BIA 1983). The Supreme Court has recently acknowledged that even violations of the right to counsel in criminal proceedings may be disregarded as harmless error in appropriate cases. United States v. Morrison, 449 U.S. 361, 365 (1981); see also Moore v. Illinois, 434 U.S.

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Case 1:04-cv-00106   Document 7   Filed in TXSD on 07/30/2004   Page 15 of 18

Westlaw.

19 I. & N. Dec. 105                                                           Page 4
19 I. & N. Dec. 105, Interim Decision (BIA) 2969, 1984 WL 48592 (BIA)
**(Cite as: 19 I. & N. Dec. 105)**

220, 232 (1977). If this is the rule in criminal proceedings where the right to *109 counsel is grounded in the specific guarantee of the sixth amendment, it is, a fortiori, the rule in deportation proceedings where the statutory privilege of counsel is grounded in the due process concept of fairness. That concept necessarily includes consideration of the harm or prejudice caused by erroneous conduct.

The respondent argues, however, that the privilege of counsel is so fundamental that its violation can never be considered harmless error. This position has been accepted by the United States Courts of Appeals for the Seventh Circuit and the District of Columbia ('D.C.') Circuit, both of which have held that a violation of the privilege of counsel in deportation proceedings is inherently prejudicial and is not subject to the harmless error doctrine. Castaneda--Delgado v. INS, 525 F.2d 1295 (7th Cir. 1975); Yiu Fong Cheung v. INS, 418 F.2d 460 (D.C. Cir. 1969). These courts, which relied exclusively on decisions in criminal cases to support their position, did not address the distinction between deportation proceedings and criminal trials. See, e.g., Woodby v. INS, supra, at 285-86; Harisiades v. Shaughnessy, 342 U.S. 580, 594 (1952). Moreover, these courts based their decisions upon the premise, rejected in United States v. Morrison, supra, and Moore v. Illinois, supra, that violations of the right to counsel may never be considered harmless, even where no prejudice ensues. For these reasons, we decline to follow the position of the Seventh and the D.C. Circuits outside of those circuits. Since the respondent's case arises in the Ninth Circuit, we hold that a deprivation of counsel does not amount to a denial of due process so long as it was harmless error, i.e., so long as it was not unfair or did not demonstrably prejudice the respondent. [FN1]

At the deportation hearing the respondent readily admitted the facts which make him deportable as charged. He has not denied those facts nor has he challenged the legality of his admissions. [FN2] In *110 the appellate stage of these proceedings the respondent has received the assistance of counsel in presenting his procedural objections to the order of deportation. Counsel has not advanced any arguments which refute the finding of deportability nor has he shown that the respondent was eligible for any form of discretionary relief from deportation other than that which he received, voluntary departure. Thus, this is a case in which the operative facts are undisputed, deportability is clear, and the respondent has been given a fair opportunity to challenge the deportation order on appeal and has failed to show how the presence of counsel would have changed the outcome. Under these circumstances, any erroneous violation of the privilege of counsel that may have occurred was neither unfair nor prejudicial to the respondent and therefore did not amount to a denial of due process requiring a new hearing. See Henriques v. INS, supra, at 121.

The respondent has also raised a number of other procedural objections to his deportation hearing. Several of these objections are frivolous. The objection that the respondent was neither provided with nor given an opportunity to secure an interpreter ignores the fact that there was no apparent need for an interpreter because the respondent did not request one and appeared to understand and speak English well. The objection that the respondent was not advised that his statements might be used against him, in violation of 8 C.F.R. 242.1(c) and 242.2(a), is unsupported by the record. The regulations cited pertain to advice an alien is to receive before a deportation hearing commences, either upon service of an Order to Show Cause or upon arrest, and the record contains no information whatsoever about the Service's conduct at this point in the proceedings. Moreover, once the respondent was placed under oath at his deportation hearing, he had no right to remain silent to nonincriminating questions, see supra note 2, and he was under an obligation to answer any questions truthfully or suffer the adverse inferences that could be drawn from his silence. United States ex rel. Vajtauer v. Commissioner, 273 U.S.

Westlaw.

19 I. & N. Dec. 105                                                                                           Page 5
19 I. & N. Dec. 105, Interim Decision (BIA) 2969, 1984 WL 48592 (BIA)
**(Cite as: 19 I. & N. Dec. 105)**

103, 110 (1927); United States ex rel. Bilokumsky v. Tod, 263 U.S. 149, 154 (1923); Chavez--Raya v. INS, 519 F.2d 397, 401 (7th Cir. 1975). The objection that the Order to Show Cause provided insufficient notice of the charges against the respondent and required an explanation is wholly without merit. The Order to Show Cause fully complied with the notice *111 requirements of the regulations: it contained a recitation of the legal authority under which the deportation proceedings would be conducted, a statement of the facts which made the respondent's conduct unlawful, and a designation of the charges against the respondent and the statutory provisions he violated. 8 C.F.R. 242.1(b). The respondent made no request to be provided with an explanation of the Order to Show Cause nor did he express any uncertainty when he admitted each of the allegations.

The respondent has also argued that the Service's regulations were violated, thereby denying him due process, because he was not advised of the availability of a free legal services program. The regulations require an immigration judge at the opening of a deportation hearing to advise an alien of the availability of such programs and to ascertain whether the alien has received a list of them. 8 C.F.R. 242.16(a). It appears from the record that the immigration judge did not advice the respondent of the availability of such programs at the opening of his hearing. Nonetheless, the immigration judge was also to ascertain that the respondent had already been informed of the availability of a free legal services program: the immigration judge had before him, as an exhibit, the Order to Show Cause which had been served upon the respondent and to which was attached a Written Notice of Appeal Rights (Form I-618) informing the respondent of the existence and address of Legal Aid. Under these circumstances, it is clear that the respondent was given notice, before his deportation hearing, of the availability of a free legal services program and thus was not prejudiced by the immigration judge's failure to advise him of that program at the start of the hearing. Since the immigration judge's failure to comply fully with 8 C.F.R. 242.16(a) was a procedural defect which did not prejudice the respondent, it did not amount to a violation of due process. See Tejeda--Mata v. INS, supra, at 727; Ka Fung Chan v. INS, supra, at 258.

The respondent's final procedural objection is that he was not given sufficient notice of his deportation hearing, in violation of 8 C.F.R. 242.1(b) and the requirements of due process. The regulation cited by the respondent provides that an alien shall be notified of the time and place of his deportation hearing not less than 7 days before the hearing date, unless the Service believes that the public interest, safety, or security requires shorter notice, or unless the alien requests shorter notice. 8 C.F.R. 242.1(b). The Service complied fully with this regulation in the respondent's case because the District Director found the public interest required the respondent to undergo an immediate hearing and issued a written notification to that effect.

*112 Moreover, the District Director's decision to issue the notice appears to have been reasonable. Both of the parties' briefs on appeal agree that the respondent's deportation hearing was held without the standard 7 days' notice because Alaska did not have a full-time immigration judge at the time of the respondent's arrest; rather, an immigration judge traveled from Seattle, Washington, to spend a few days in Anchorage, Alaska, on a quarterly visit to the city. The Service has argued that the District Director believed it to be in the public interest to schedule an immediate hearing because the respondent was unable to raise money for bond and the Service was faced with the dilemma of holding a hearing on short notice, or keeping the respondent in detention, at public expense, until the immigration judge returned to Alaska. It was not unreasonable for the District Director to conclude that it would be in the public interest to avoid the costs of detaining the respondent at public expense until the immigration judge returned to Anchorage, for this is a time in which our nation is faced not only with immigration costs

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Westlaw

19 I. & N. Dec. 105                                                              Page 6
19 I. & N. Dec. 105, Interim Decision (BIA) 2969, 1984 WL 48592 (BIA)
**(Cite as: 19 I. & N. Dec. 105)**

that are rising at an alarming rate but also with a staggering federal budget deficit. See generally, Lopez--Mendoza v. INS, 705 F.2d 1059, 1091-92 (9th Cir. 1983) (Alarcon, J., Wright, J., Wallace, J., and Poole, J., dissenting). Nor was it unreasonable for the respondent to be required to face a deportation hearing on short notice: the charge that he was deportable as an overstay was capable of resolution by the mere fact of his presence in this country beyond his authorized time and was not subject to any defenses which would require expertise in immigration law. In addition, the respondent had the opportunity, which he exercised, of seeking a continuance of his hearing. See 8 C.F.R. 242.13.

The respondent has received all of the basic prerequisites of a fundamentally fair hearing: he was notified of the charge against him 2 days before he chose to proceed with his hearing; he was given the opportunities to retain counsel, to be heard, and to produce evidence and witnesses to refute the evidence against him; and his case was decided by an unbiased immigration judge and by the Board based upon substantial evidence of record. See Whitfield v. Hanges, 222 F. 745 (8th Cir. 1915). Thus, inasmuch as none of the alleged procedural defects, individually or in the aggregate, affected the outcome of the respondent's case or the validity of the deportation order, we cannot agree that he has been denied constitutional due process. Accordingly, the appeal will be dismissed.

We note that the respondent has contested the immigration judge's grant of voluntary departure. We need not decide whether it was reasonable for the immigration judge to grant the respondent one day to arrange his departure inasmuch as he has now been *113 able to extend his time in this country by virtue of this appeal. See 8 C.F.R. 3.6(a). Generally, when we dismiss an alien's appeal, we reinstate the immigration judge's grant of voluntary departure if that grant is less than 30 days. Matter of Chouliaris, 16 I&N Dec. 168 (BIA 1977). In the respondent's case, however, we will modify the immigration judge's order and grant the respondent 15 days for voluntary departure in order to give him more time to prepare for departure. [FN3]

ORDER: The appeal is dismissed.

FURTHER ORDER: In lieu of deportation, the respondent is permitted to depart voluntarily from the country without expense to the Government within 15 days from the date of this order, or any extension beyond that date as may be granted by the District Director and under such conditions as he may direct. In the event of failure so to depart, the respondent shall be deported as provided in the immigration judge's order.

FN1. Our holding is distinguishable from the decision in Castro--Nuno v. INS, 577 F.2d 577 (9th Cir. 1978), in which the Ninth Circuit reversed an order of deportation when an immigration judge failed to continue an alien's deportation hearing until such time as counsel retained by the alien could be present. In that case, the Ninth Circuit held that the immigration judge had denied and alien his statutory privilege of counsel and thereby had committed a reversible abuse of discretion. Id. at 579. There was no contention in that case, however, that the violation of the privilege of counsel was harmless error. Thus, the Ninth Circuit did not address the issue.

FN2. This is not a case in which counsel validly could have advised the respondent that he had a fifth amendment privilege to remain silent in response to the questions about his alienage and his failure to depart within the authorized time. The fifth amendment privilege against compelled self-incrimination exists only when a person is asked to testify to incriminatory facts, i.e., facts which could make him the subject to criminal prosecution. See Minnesota v. Murphy, 465 U.S. 420, 104 S. Ct. 1136, 1147 n.7 (1984); Wall

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Westlaw.

19 I. & N. Dec. 105                                                             Page 7
19 I. & N. Dec. 105, Interim Decision (BIA) 2969, 1984 WL 48592 (BIA)
**(Cite as: 19 I. & N. Dec. 105)**


v. INS, 722 F.2d 1442 (9th Cir. 1984); Matter of Carrillo, 17 I&N Dec. 30 (BIA 1979). No crime is implicated when an alien overstays his allotted time. Thus, the facts which the respondent was asked to, and did, admit were nonincriminatory facts and he had no valid basis for asserting a fifth amendment privilege.

FN3. The respondent has submitted various letters and documents to us on appeal which attest to the validity of a marriage between him and a woman identified solely as Shirley Santos. It appears from the notice attached to these exhibits that the respondent may be seeking to challenge the District Director's failure to act upon a visa petition (Form I-130) which he alleges was filed on January 28, 1983. Initial action on such a visa petition is a matter solely within the jurisdiction of the Service, not the Board. See 8 C.F.R. 204.1(a). Since we have no explanation or motion before us regarding these documents and no original jurisdiction to decide matters pertaining to a visa petition, we will return these documents to the attorney for the respondent.

19 I. & N. Dec. 105, Interim Decision (BIA) 2969, 1984 WL 48592 (BIA)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works