IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JOSE EZEQUIEL MARTINEZ-MARTINEZ, § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> MARC MOORE, Field Office Director, § <br> TOM RIDGE, Secretary, Department of § <br> Homeland Security, and § <br> THE UNITED STATES OF AMERICA § <br> Defendants. § | CIVIL ACTION B-04-106 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. INTRODUCTION

On June 28, 2004, Jose Ezequiel Martinez-Martinez (hereinafter "Martinez-Martinez"), filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C § 2241 and Complaint for Declaratory and Injunctive Relief (Docket No. 3). For the reasons that follow, it is recommended that the Petition should be **DENIED** and the Complaint **DISMISSED**.

### II. BACKGROUND

Martinez-Martinez, a Mexican national, became a lawful permanent resident (hereinafter "LPR") on April 23, 1987. He has continuously resided in the United States with his LPR wife, and two of his three U.S. citizen children. On November 22, 1995, Martinez-Martinez pleaded guilty and was convicted in the United States District Court, Southern District of Texas for the offense of possession with intent to distribute 525 pounds of marijuana in violation of 21 U.S.C 841(a) and (b)(1)B. He was sentenced to 37 months confinement. Following his release from prison, he applied

for a waiver of deportation under § 212(c) of the Immigration and Nationality Act as amended, (8 U.S.C. § 1182(c))[1] which the Immigration Judge (hereinafter "IJ") denied. The Board of Immigration Appeals (hereinafter "BIA") affirmed the IJ's decision on January 8, 2004. Martinez-Martinez filed a Motion to Reopen, with new counsel, on March 23, 2004, on the grounds of ineffective assistance of counsel. The BIA denied this motion on April 20, 2004. This habeas petition is based on the BIA's refusal to grant his Motion to Reopen.

### III. MARTINEZ-MARTINEZ'S CLAIMS

Martinez-Martinez's claims the BIA erred in denying his Motion to Reopen. He seeks to have his case reopened. His claim rests on former counsel's failure to present documentary evidence of his children's U.S. citizenship and his marriage to the IJ at the deportation hearing. He contends that had counsel submitted documentation at his deportation hearing establishing equities in the United States, he would have been granted a waiver of deportation. As a result of counsel's failure to produce the documentation, the IJ concluded that Martinez-Martinez's children's testimony was not credible as to their United States citizenship status.

### IV. ANALYSIS

The BIA has "broad discretion" to grant or deny Motions to Reopen. *Pritchett v. INS*, 993 F.2d 80, 83 (5th Cir. 1993). These motions are disfavored. *INS v. Doherty*, 502 U.S. 314, 323 (1992). The standard in reviewing the BIA's denial of a Motion to Reopen is a highly deferential

---

[1] Before the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and the Illegal Immigration Reform and Immigrant Responsibility Act (hereinafter "IIRIRA") of 1996, §212(c) of the Immigration and Nationality Act (hereinafter "INA"), as amended, (8 U.S.C §1182(c)), the Attorney General was given broad discretion to waive deportation of aliens. The IIRIRA, which repealed §212(c) and replaced it with a new section excluding from the class eligible to seek waiver of deportation, anyone "convicted of an aggravated felony" 8 U.S.C §1229b(a)(3). Martinez-Martinez's claim for discretionary relief arose prior to the effective date of the 1996 legislation and is governed by §212(c).

abuse of discretion standard. *Pritchett*, 993 F.2d at 83.

## INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

1.) *__Martinez-Martinez did not comply with the Lozada Requirements.__*

Martinez-Martinez argues his former counsel rendered ineffective assistance at the deportation hearing. Particularly, he states that former counsel's performance was deficient by failing to introduce documentary evidence to establish family ties in the United States.

The "right to due process is violated when the representation afforded...was so deficient as to impinge upon the fundamental fairness of the hearing, and that, as a result, the alien suffered substantial prejudice." *Goonsuwan v. Ashcroft*, 252 F.3d 383, 385, 389, 391 (5th Cir. 2002). Martinez-Martinez makes the same argument as *Goonsuwan*. In *Goonsuwan*, the alien claimed that if his counsel had submitted documentation, he would have been granted a waiver of deportation. *Id.* at 385. The *Goonsuwan* court did not consider the ineffective assistance of counsel claim since it was not raised before the BIA. *Id.*

The Fifth Circuit has held that the an alien's failure to raise an ineffective assistance of counsel claim before the BIA deprived the district court of jurisdiction to consider the issue. *Id.* at 389. Martinez-Martinez did raise his ineffective assistance of counsel before the BIA in his Motion to Reopen, so this court has jurisdiction. The BIA has set forth certain requirements that must be met before considering ineffective assistance of counsel claims in deportation proceedings. *Matter of Lozada*, 19 I&N Dec. 637-640, *aff'd*, 857 F.2d 10 (1st Cir. 1988). They are:

> 1. The alien must provide affidavits setting forth in detail the agreement that was entered into with counsel with respect to the actions to be taken and what representations counsel did or did not make in this regard;

3

2. Evidence that counsel was informed of the allegations and allowed to respond, including any response; and

3. That the alien file a complaint with appropriate disciplinary authorities with respect to any violation of counsel's ethical or legal responsibilities and if this has not been done the alien must explain why it wasn't.

Martinez-Martinez did not comply with the *Lozada* requirements in his Motion to Reopen. He did not provide an affidavit explaining the agreement that was entered into with former counsel with respect to the actions to be taken. Martinez-Martinez did not inform former counsel of the allegations and former counsel was not given an opportunity to respond. However, on March 19, 2004, Martinez-Martinez did file a grievance with the State Bar of Texas (Docket No. 2 Exhibit 11).

The BIA did not abuse its discretion in denying Martinez-Martinez's Motion to Reopen in connection with his ineffective assistance of counsel claim.

## 2.) *IJ determines credibility.*

As previously outlined, Martinez-Martinez argues that his former counsel rendered ineffective assistance by failing to produce evidence of his family ties to United States citizens and evidence of marriage to an LPR wife at the deportation proceeding. According to Martinez-Martinez, former counsel's failure to produce the supporting documents resulted in Martinez-Martinez being denied discretionary relief. There is no dispute as to Martinez-Martinez statutory eligibility to be considered for §212(c) discretionary relief.

The IJ's denial of discretionary relief, based on the complete absence of corroborative evidence establishing favorable equities is final. *Mantell v. United States Department of Justice, Immigration and Naturalization Service*, 798 F.2d 124, 127 (5th Cir. 1986). The IJ "must actually

consider 'the facts and circumstances respecting each petitioner's claim of extreme hardship.'" *Ramos v. INS*, 695 F.2d 181, 185 (5th Cir. 1983). Also, since Martinez-Martinez was convicted of a serious drug offense, he must show 'unusual or outstanding equities'. *Diaz-Resendez v. INS*, 960 F.2d 493, 495-96 (5th Cir. 1992). Martinez-Martinez children's testimony that they were U.S. citizens was rejected by the IJ.

In denying discretionary relief, the IJ gave consideration to Martinez-Martinez's commission of a serious adverse factor (possession of 525 pounds of marijuana). It is the Immigration Judge's duty to determine credibility in deportation cases. *Vasquez-Mondragon v. INS*, 560 F.2d 1225, 1226 (5th Cir. 1997). The court may not substitute its judgment for that of the BIA or of the IJ with respect to the witness' credibility. *Id.* Additionally, the court gives great deference to an IJ's decision concerning an alien's credibility. *Efe v. Ashcroft*, 293 F.3d 899, 905 (5th Cir. 2002). Given Martinez-Martinez's lack of credible evidence, he failed to establish that he has "unusual or outstanding equities" in the United States.

The IJ found no indication of hardship to Martinez-Martinez or his family if deportation were to occur. Martinez-Martinez' testimony and the testimony of his children falls squarely within the IJ's assessment of credibility.

### DENIAL OF DISCRETIONARY RELIEF CLAIM

1.) *§212(c) relief is discretionary in nature*

Martinez-Martinez asserts that he is entitled to §212(c) discretionary relief. His assertion is bottomed on his claim that §212(c) discretionary relief is a liberty and property interest warranting due process protection. This argument has been foreclosed by the holding in *United States v. Lopez-Ortiz*, 313 F.3d 225, 231 (5th Cir. 2002).

It has long been recognized that discretionary relief is a privilege created by Congress and the denial of such relief cannot violate a substantive interest protected by the Due Process Clause. *See INS v. Yang*, 519 U.S. 26, 30 (1996) (recognizing the BIA's "unfettered discretion" to grant relief from deportation).[2] Martinez-Martinez's claim that he is *entitled* to §212(c) discretionary relief is without merit. As the Fifth Circuit has stated, denial of discretionary relief does not constitute a violation of due process because there is no constitutional entitlement to discretionary relief.

2.) *__Martinez-Martinez's ineffective assistance of counsel claim merely restricts §212(c) relief.__*

Martinez-Martinez's contention that his counsel's deficient performance prevented him from receiving §212(c) discretionary relief is foreclosed by the Fifth Circuit in *Assaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004). *Assaad* reiterates what the Fifth Circuit has repeatedly held, that there is a right to counsel, yet there is no right to "effective assistance of counsel" in deportation proceedings. *Id.* at 475.[3] In *Assaad*, the court held that an attorney's allegedly deficient performance merely restricts an alien's chances of receiving a discretionary waiver of removability. *Id.* In accordance with *Assaad*, Martinez-Martinez's ineffective assistance of counsel claim merely restricted his chances of receiving §212(c) relief.

---

[2] There are Fifth Circuit cases concluding §212(c) is discretionary in nature. *Alfarache v. Cravener*, 203 F.3d 381, 383-84 (5th Cir. 2000)(holding that §212(c) relief conveys no due process rights because it is "a piece of legislative grace couched in conditional and permissive terms"); *Gonzalez-Torres v. INS*, 213 F.3d 899, 903 (5th Cir. 1999) (alien has no constitutional right to discretionary relief over which the Attorney General exercises "unfettered discretion"); *U.S v. Sotelo-Mendoza*, 234 F.Supp.2d 671, (W.D. Tex. 2002); *Finlay v. INS*, 210 F.3d 556, 557 (5th Cir. 2000) (holding that retroactive application of definition of aggravated felony which rendered alien ineligible for discretionary relief did not arise to the level of a due process violation because alien was not entitled to such relief).

[3] *Miranda-Lores v. INS*, 17 F.3d 84, 85 (5th Cir. 1994) (holding alien has no right to effective counsel); *Paul v. INS*, 521 F.2d 194, 197 (5th Cir. 1975) (holding 6th amendment right to effective counsel is limited to criminal prosecutions and has no application to deportation proceedings); *Mantell v. United States Department of Justice, Immigration and Naturalization Service*, 798 F.2d 124, 127 (5th Cir. 1986) (holding alien has right to counsel but no right to "effective assistance of counsel").

**3.)** *__LPR has no fundamental liberty interest in residing in the U.S.__*

Martinez-Martinez contends that his substantive due process rights were violated because as a LPR, he has a fundamental liberty interest in being able to live and work in the United States. To support his argument, he relies on the dissenting opinion of Board Member Rosenberg, *Matter of Salazar-Regino*, 23 I & N Dec. 223, 238 (BIA 2002) and cites *Landon v. Plasencia*, 459 U.S. 21, 34 (1982).

> Plasencia's interest here is, without question, a weighty one. She stands to lose the right "to stay and live and work in this land of freedom,"...Further, she may lose the right to rejoin her immediate family, a right that ranks high among the interests of the individual...

(Docket No. 3, page 13).

The Supreme Court has long recognized Congress' constitutionally mandated authority over substantive immigration laws. *INS v. Chadha*, 462 U.S. 919, 941 (1983). Aliens rights are subject to limitations and conditions that would be unacceptable if applied to citizens. *Demore v. Hyung Joon Kim*, 538 U.S. 510 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 718 (2001).

Although the interests in *Landon*, were "weighty", the Supreme Court did not consider whether those interests were "fundamental" for substantive due process purposes. *Landon* 459 U.S. 21 at 34. In fact, the Fifth Circuit in *Matter of Longstaff*, 716 F.2d 1439, 1443 (5th Cir. 1983) noted that the *Landon* court imposed a fair-procedure requirement but left undisturbed, the Court's resolve not to interfere with substantive immigration policies adopted by Congress, regardless of community ties developed by aliens. *Id.* at 1443. Furthermore, the substantive due process analysis made in *Pequeno-Martinez v. Trominski*, 281 F.Supp. 2d 902, 923 (S.D.Tex. 2003), concluded that allowing LPRs to remain in this country on the basis of claimed fundamental rights would entail a substantial

interference with Congress's immigration policies. *Id.* at 923.

Accordingly, Martinez-Martinez's substantive due process argument has no merit.

## V. **RECOMMENDATION**

It is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that Martinez-Martinez's Petition for Writ of Habeas Corpus under 28 U.S.C §2241 be **DENIED** and the Complaint **DISMISSED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 28th day of October, 2004.

John Wm. Black
United States Magistrate Judge